**UNITED STATES of America, Plaintiff-Appellee,**

v.

**Thomas J. BONILLA, Defendant-Appellant.**

**UNITED STATES of America, Plaintiff-Appellee,**

v.

**Chris MUNOZ, Defendant-Appellant.**

**Nos. CA 79–1380, CA 79–1419.**

United States Court of Appeals, Ninth Circuit.

April 1, 1980.

David M. Heller, Phoenix, Ariz. (argued), H. Thomas Hirsch, Odessa, Tex., for defendants-appellants.

Michael D. Hawkins, Phoenix, Ariz., argued, Daniel R. Drake, Phoenix, Ariz., for plaintiff-appellee.

Before TRASK and SNEED, Circuit Judges, and GRAY *, District Judge.

PER CURIAM:

Bonilla and Munoz appeal their convictions for conspiracy to distribute and the distribution of cocaine in violation of 21 U.S.C. §§ 841(a)(1), (b), and 846. Bonilla asserts reversible error in the Government's failure to produce a confidential informant in advance of trial, and in the Government's closing argument, which, he contends, included a comment upon his failure to testify. Munoz charges that the district court committed reversible error by admitting into evidence his statements to a Government agent after the Government represented that all such statements had been turned over to him, and by admitting telephone records over his objection based on relevancy. Munoz further insists that there

* Honorable William P. Gray, United States District Judge for the Central District of California, sitting by designation.

was insufficient evidence to support his conviction.

We find the appellant's contentions to be without merit and, accordingly, affirm the judgments.

■ Although Bonilla was entitled to learn the informant's identity, because the informant was a percipient witness to the criminal transaction underlying his conviction, *see Roviaro v. United States*, 353 U.S. 53, 77 S.Ct. 623, 1 L.Ed.2d 639 (1957); *Lopez-Hernandez v. United States*, 394 F.2d 820 (9th Cir. 1968), he was not entitled to have the informant produced in advance of trial. Bonilla's motions requesting that the Government reveal the informant's identity and produce the informant for a pre-trial interview were denied at a hearing ten days prior to the trial date. At that hearing, Bonilla possessed the informant's name, and the Government indicated its willingness to confirm the name, but objected to disclosure of the informant's whereabouts. The Government further stated that a subpoena for the informant had been prepared and that the informant had been notified of the trial date and would be available at that time. Bonilla's counsel at no time asked that the informant be produced at the trial, which suggests strongly that he desired grounds for reversible error more than he desired the presence of the informant.

■ The court is not required to order the informant's production on its own motion. The Government is obliged to exert reasonable efforts to produce an informant only when his "presence has been properly requested by the defendant." *United States v. Hart*, 546 F.2d 798 (9th Cir. 1976), *cert. denied* 429 U.S. 1120, 97 S.Ct. 1155, 51 L.Ed.2d 571 (1977). There is ". . . no rule that the Government is under any general obligation to produce an informer." *Velarde-Villarreal v. United States*, 354 F.2d 9, 12 (9th Cir. 1965). Therefore, we do not find reversible error.

■ Next Bonilla contends that the Government, in its closing argument, commented upon his failure to testify and that such comments constituted reversible error.

We do not agree that the prosecutor's comments were "manifestly intended" or were "of such character that the jury would naturally and necessarily take . . . [them] . . . to be a comment on the failure of the accused to testify." *Hayes v. United States*, 368 F.2d 814, 816 (9th Cir. 1966). The argument was directed to the credibility of codefendant Munoz' testimony, not to Bonilla's failure to testify.

■ Appellant Munoz objects to the Government's misrepresentation to the district court that all statements made by him were included in Agent Hella's report, which was given to Munoz the afternoon before trial. He contends that his conviction should be reversed because the Government misrepresented a material fact to the trial court. (Reply Brief, p. 3). Aside from the fact that it is far from clear that the omission of the statement was the result of an attempt to deceive the court, rather than having been due to inadvertence, Munoz has not demonstrated any prejudice flowing from the Government's alleged misrepresentation. The Government noted the existence of the statement in its opening argument. To accept Munoz' contention, we would have to conclude that a one day delay in notification of the statement's existence affected appellant's substantial rights. We must conclude, instead, that Munoz was not prejudiced by the admission of the statement.

■ Munoz also contends that the district judge abused his discretion by admitting into evidence an exhibit that contained telephone and subscriber information for Dolores Munoz at 1316 Jax Street, Midland, Texas, because the Government failed to connect the Jax Street home or telephone to him. We disagree. The connection between telephone records and a caller may be established by circumstantial evidence. *Carbo v. United States*, 314 F.2d 718 (9th Cir. 1963), *cert. denied* 377 U.S. 953, 84 S.Ct. 1625, 12 L.Ed.2d 498 (1964). The evidence in this case demonstrated that Munoz had access to the Jax Street home and, therefore, to its telephone. Moreover, Agent Hella had spoken with codefendants Bonilla

and Revilla at the Jax Street number. From these facts the district judge could conclude that reasonable men might infer that the telephone calls reflected by the records were made by or at the direction of Munoz.

Lastly, Munoz argues that insufficient evidence supports his convictions for conspiracy and distribution of cocaine. Viewing the evidence in the light most favorable to the Government, *Glasser v. United States*, 315 U.S. 60, 62 S.Ct. 457, 86 L.Ed. 680 (1942), we conclude that jurors could reasonably conclude from the evidence adduced that Munoz is guilty of the charged offenses beyond a reasonable doubt. *United States v. Coplen*, 541 F.2d 211, 216 (9th Cir. 1976), *cert. denied* 429 U.S. 1073, 97 S.Ct. 810, 50 L.Ed.2d 791 (1977). It was established that Munoz agreed with Bonilla to furnish cocaine to Agent Hella. The evidence also showed that Munoz participated in an overt act in furtherance of the conspiracy when he met and negotiated with Agent Hella at the Midland Sheraton Hotel.

No evidence suggests that Munoz acted affirmatively to withdraw from the conspiracy prior to the cocaine delivery in Phoenix. Therefore, contrary to appellant's assertion, the Government was not required to show that Munoz was actually present at the Phoenix transaction to support the substantive count conviction. *See Pinkerton v. United States*, 328 U.S. 640, 66 S.Ct. 1180, 90 L.Ed. 1489 (1946).

AFFIRMED.