**UNITED STATES of America,
Plaintiff-Appellee,**

v.

**Eldon Earl "Bud" CUTLER,
Defendant-Appellant.**

**No. 86–3058.**

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Dec. 3, 1986.

Decided Dec. 19, 1986.

Ronald D. Howen, Office of the U.S. Attorney, Boise, Idaho, for plaintiff-appellee.

David Z. Nevin, Seiniger & Nevin, Boise, Idaho, for defendant-appellant.

Before BROWNING, WRIGHT and BOOCHEVER, Circuit Judges.

PER CURIAM:

Cutler was convicted of contracting for the murder of a government informant and

witness and was sentenced to 12 years incarceration.

He is a member of the Church Jesus Christ Christian/Aryan Nations, a white supremacist organization headquartered in Idaho. During 1983, its members together with members of other white supremacist organizations formed the Order. During 1984 and 1985, 22 Order members were indicted on criminal and racketeering counts.

Thomas Martinez was a candidate for membership until his arrest in June, 1984. After his arrest, Martinez provided the government with substantial information about the Order and he was a key witness in the Order trials.

During the summer of 1985, Cutler was introduced to Thomas Norris, an FBI agent posing as a hit man, by Bob Bowyer, a government informant. Cutler hired Norris to murder Martinez. After Martinez was supposedly murdered, Cutler and Norris discussed three additional murders. Cutler indicated that these homicides were intended to show that the Order was still active and to give potential witnesses "lockjaw." The government videotaped Cutler's meetings with Norris.

Cutler's defense was entrapment. To develop it, he sought a pretrial deposition and/or interview of Bowyer and sought detailed information regarding Bowyer's prior service as a government informant. Both requests were denied.

Cutler's potential victims testified and a former member of the Order provided background information on the organization.

Cutler contends that this testimony was improperly admitted. He appeals also from the court's pretrial discovery orders, jury voir dire and sentencing.

## PRETRIAL DISCOVERY

### A. *Information About the Informant*

■ Cutler was given substantial pretrial information about Bowyer, including his correct name, birth date, criminal record, relationship with the FBI and transcripts of recorded conversations involving Bowyer. The government also offered to produce Bowyer for an informal interview and to subpoena him for trial.

Cutler requested additional detailed information for impeachment about Bowyer's role in a previous unrelated investigation. The government refused to disclose it because it would jeopardize Bowyer's security. After a hearing, the court granted the request in part and denied it in part. It ordered the government to disclose the nature of the prior investigation, the charges against Bowyer (which were subsequently dismissed), and the cash payments to Bowyer. The government was not ordered to disclose specific details of the investigation. This ruling is reviewed for abuse of discretion. *United States v. Hoffman*, 794 F.2d 1429, 1431 (9th Cir.1986).

Cutler contends that he is entitled to this information under *Roviaro v. United States*, 353 U.S. 53, 77 S.Ct. 623, 1 L.Ed.2d 639 (1957), which held that a defendant may be entitled to learn an informant's identity. But the right is not absolute, and must be balanced against the government's interest in protecting its access to information and insuring an informant's safety.

Assuming *arguendo* that *Roviaro* applies to disclosing information about an informant's prior service, the court did not err in denying Cutler's request. It considered expressly the *Roviaro* factors and concluded that the government's security interests outweighed Cutler's need for the information. It applied the proper standard, considered the competing interests, and reached a reasonable conclusion. There was no abuse of discretion.

### B. *Deposing the Informant*

■ The court denied the request to depose Bowyer under Fed.R.Crim.P. 15(a). Cutler admits that the deposition was not to preserve Bowyer's testimony, but rather was a method of discovery. Denial of a Rule 15 deposition is reviewed for abuse of discretion. *United States v. Richardson*, 588 F.2d 1235, 1241 (9th Cir.1978), *cert.*

*denied,* 440 U.S. 947, 99 S.Ct. 1426, 59 L.Ed.2d 636 (1979).

In *United States v. Rich,* 580 F.2d 929, 933–34 (9th Cir.1978), *cert. denied,* 439 U.S. 935, 99 S.Ct. 330, 58 L.Ed.2d 331, we held that Rule 15 depositions "are not allowed merely for the purpose of discovery. A defendant may depose a witness only if the witness may be unable to attend trial." Other circuits agree. *See United States v. Steele,* 685 F.2d 793, 809 (3d Cir.1982), *cert. denied,* 459 U.S. 908, 103 S.Ct. 213, 74 L.Ed.2d 170 ("Fed.R.Crim.P. 15 ... does not authorize [depositions] as a means of discovery"); [1] *Simon v. United States,* 644 F.2d 490, 498 n. 12 (5th Cir.1981). No court has allowed a Rule 15 deposition solely for discovery. Cutler was not entitled to depose Bowyer.

■ Cutler also sought an informal interview with Bowyer and the government offered to make him available. At the interview, Cutler wanted either a tape or stenographic record or a third party witness. The government would not agree to either condition and no interview was held and the court declined to order one.

Cutler's demand demonstrated that the interview was intended for impeachment purposes. As such, it was an effort to circumvent Rule 15 and get informally what he could not have under the rule. Since he could not depose Bowyer, he had no right to an interview which would be the equivalent of a deposition. Moreover, the government was not obliged to make Bowyer available for trial nor did Bowyer have to consent to an interview. *United States v. Bonilla,* 615 F.2d 1262, 1264 (9th Cir. 1980). There was no error in denying the request for an interview.

EVIDENTIARY RULINGS

■ The court permitted Cutler's four potential victims to testify about their relationship with him and with the Order. It permitted a former member, Denver Parmenteer, to testify about how the group was formed, its activities, oaths, sanctions for informers and other background material. These witnesses also explained statements and references made in the videotapes.

The court concluded that this testimony was relevant to rebut Cutler's entrapment defense. The evidence would also assist the jury to understand the videotaped events and Cutler's motives. The court limited testimony about the Order's prior crimes because it would be unfairly prejudicial. Evidentiary rulings are reviewed for abuse of discretion. *United States v. Feldman,* 788 F.2d 544, 557 (9th Cir.1986).

The court did not abuse its discretion. The judge and both counsel repeatedly advised the jury not to consider Cutler's racial beliefs in its deliberations. The court twice heard arguments in limine on Cutler's motion before denying it. The testimony was relevant to the entrapment defense; the court weighed the relevance and prejudice and found that the relevance outweighed the prejudice.

■ Cutler offered to stipulate to much of the evidence. The government refused and offered its proof. It was not bound by an offer to stipulate to some facts. *United States v. Campbell,* 774 F.2d 354, 356 (9th Cir.1985).

VOIR DIRE

The court conducted voir dire and denied Cutler's request for attorney-conducted inquiry. Cutler contends that his controversial views and pretrial publicity required voir dire by counsel. Voir dire examination is reviewed for abuse of discretion. *Feldman,* 788 F.2d at 556.

Both counsel submitted suggested voir dire questions and the court asked most of Cutler's questions. Specifically, it asked

---

1. The Tenth Circuit in *United States v. Carrigan,* 804 F.2d 599 (10th Cir.1986), recently held that neither Rule 15 nor Rule 16 permitted depositions for discovery purposes. The court did, however, sustain the district court's order granting discovery depositions as a proper sanction for prosecutorial misconduct preventing defense counsel's access to government witnesses. Since no such prosecutorial misconduct is present in this case, *Carrigan* does not provide a basis for Cutler to depose Bowyer.

jurors about their exposure to any pretrial publicity and their ability to disregard Cutler's personal beliefs. Upon concluding his examination, the judge asked counsel if they had further questions. There were none.

 Either the court or counsel may conduct voir dire. Fed.R.Crim.P. 24(a). "It is not an abuse of discretion for the trial judge to insist upon conducting a voir dire examination." *United States v. Giese,* 597 F.2d 1170, 1181 (9th Cir.), *cert. denied,* 444 U.S. 979, 100 S.Ct. 480, 62 L.Ed.2d 405 (1979). If counsel believe essential questions were not asked by the court, they must timely advise the court. *United States v. Blosvern,* 514 F.2d 387, 389 (9th Cir.1975).

Cutler had an opportunity to submit questions. He did not do so, nor does he identify any defect in the voir dire examination. There was no abuse of discretion.

SENTENCING

Cutler was convicted on four counts [2] and was sentenced to a total of 12 years on the four counts. The maximum sentence for these convictions was 30 years. He contends that the sentence was unconstitutionally severe.

In *Solem v. Helm,* 463 U.S. 277, 103 S.Ct. 3001, 77 L.Ed.2d 637 (1983), the Court reaffirmed the proportionality principle behind the eighth amendment. The Court noted that "no penalty was per se constitutional.", *id.* at 290, 103 S.Ct. at 3009, but must be evaluated under objective factors, including the harm to society, the nature of the crime, and relationship to sentences for similar crimes.

*Solem* did not eliminate the trial court's broad discretion. *United States v. Barker,* 771 F.2d 1362 (9th Cir.1985). "[W]ith strictly limited exceptions, sentences that fall within statutory limits are not subject to appellate review." *United States v. Branco,* 798 F.2d 1302, 1305 (9th Cir.1986). To the extent such sentences are reviewable, review is for abuse of discretion.

*Jones v. United States,* 783 F.2d 1477, 1479 (9th Cir.1986).

This sentence is not unconstitutionally severe. It is less than half the statutory maximum. Cutler was convicted of ordering a contract murder to silence government witnesses, a violent and cold blooded crime. After he thought that one murder had been committed, Cutler began to bargain for three more.

The district court considered and weighed the *Solem* criteria in light of Cutler's actions as he committed the crimes. There was no abuse of discretion in imposing sentence.

The conviction and sentence are affirmed.

---

**2.** He was convicted of one violation of 18 U.S.C. §§ 1513(a)(1) & (2), one violation of 18 U.S.C. §§ 1512(a)(1) & (a)(2)(A), (D), and two violations of 18 U.S.C. § 1952(a).