19 F.3d 31
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Mauricio RAMIREZ, Defendant-Appellant.
 No. 93-10516.
 United States Court of Appeals, Ninth Circuit.
 Submitted March 8, 1994.*
Decided March 10, 1994.
 
 Before: FLETCHER, BRUNETTI, and TROTT, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Mauricio Ramirez appeals his convictions following jury trial for possession of an unregistered firearm in violation of 26 U.S.C. Sec. 5861(d), possession of a firearm not identified by a serial number in violation of 26 U.S.C. Sec. 5861(i), and possession of a firearm by an illegal alien in violation of 18 U.S.C. Sec. 922(g)(5). Ramirez contends that the district court restricted his right to exercise peremptory challenges during voir dire. We have jurisdiction under 28 U.S.C. Sec. 1291 and affirm.
 
 
 3
 We review for abuse of discretion the district court's voir dire. United States v. Baker, 10 F.3d 1374, 1403 (9th Cir.1993). "It is wholly within the judge's discretion to reject supplemental questions proposed by counsel if the voir dire is otherwise reasonably sufficient to test the jury for bias or partiality." United States v. Powell, 932 F.2d 1337, 1340 (9th Cir.), cert. denied, 112 S.Ct. 256 (1991); see also Fed.R.Crim.P. 24(a) (court may permit attorneys to supplement voir dire as it deems proper).
 
 
 4
 Ramirez asserts that he was unable to question seven venire members (three of whom sat as jurors) regarding their relationship to law enforcement officers. The record shows, however, that Ramirez did not pose additional questions to these jurors; therefore, he has not established that the district court abused its discretion. See United States v. Cutler, 806 F.2d 933, 937 (9th Cir.1986).
 
 
 5
 As to two other potential jurors, the district court denied Ramirez the opportunity to pose additional questions after Andrea Lowy indicated that her husband was a police officer and David Lemmon indicated that he sold guns. Ramirez contends that the district court's refusal to allow him to question these jurors forced him to use peremptory challenges and denied him the opportunity to assess whether they should be challenged for cause. Even assuming that the district court erred by restricting the scope of voir dire, Ramirez's loss of peremptory challenge is not a constitutional violation because he received his full complement of challenges. See Baker, 10 F.3d at 1404 (citing Ross v. Oklahoma, 487 U.S. 81, 88 (1988)). Because neither Lowy nor Lemmon became a member of the jury (Ramirez used a peremptory challenge to excuse Lowy and the government excused Lemmon), Ramirez has not demonstrated prejudice from the alleged error. See id.
 
 
 6
 Finally, Ramirez contends that the district court erred by failing to ask those venire members who stated they were related to a law enforcement officer whether they would give undue weight to testimony by law enforcement officers. Because Ramirez did not submit such a question, however, he cannot complain that the district court committed error by failing to ask it. See United States v. Anzalone, 886 F.2d 229, 234 (9th Cir.1989).
 
 
 7
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3