39 F.3d 1189
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Raul GARCIA-ESCOBAR, Defendant-Appellant.
 No. 93-50226.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Sept. 12, 1994.
Decided Nov. 1, 1994.
 
 Before: FEINBERG,* SCHROEDER and KOZINSKI, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 1. Admission of Garcia-Escobar's confession did not violate due process, the privilege against self-incrimination, or his right to counsel. The district court believed Agent Reynoso's testimony that he read Garcia-Escobar the classic Miranda litany in Spanish from DEA form 13A, GER 216, and that Garcia-Escobar said he understood his rights and was willing to make a statement, GER 245-47, 329. The court also believed Reynoso's testimony that he did not promise freedom to Garcia-Escobar, but only told him that the agents and prosecutor might be able to help him if he cooperated. GER 247-48, 330. After observing Garcia-Escobar and hearing testimony, the court found that he had the capacity to understand his rights, and that he freely chose to discuss some things with the agents while withholding others. GER 245-47. None of these findings was clearly erroneous. See United States v. Wolf, 813 F.2d 970, 975 (9th Cir.1987) (deference to district court's factual findings is especially warranted when critical evidence is testimonial). These findings, moreover, are sufficient to establish that the waiver of his Miranda rights was voluntary, knowing and intelligent, and that his subsequent confession was voluntary. See Collazo v. Estelle, 940 F.2d 411, 415-16 (9th Cir.1991) (en banc); United States v. Leon-Guerrero, 847 F.2d 1363, 1366 (9th Cir.1988) (suggestion that prosecutors or agents might reward cooperative defendant doesn't overbear his will sufficiently to make a subsequent confession involuntary).
 
 
 3
 2. The district court didn't abuse its discretion in denying Garcia-Escobar's motion for disclosure of the confidential informant's date of birth. The court weighed Garcia-Escobar's interest in obtaining the information against the public interest in keeping it confidential, and reached a reasonable conclusion. See GER 183-93; United States v. Cutler, 806 F.2d 933, 935 (9th Cir.1986).
 
 
 4
 AFFIRMED.
 
 
 
 *
 The Honorable Wilfred Feinberg, Senior United States Circuit Judge, United States Court of Appeals for the Second Circuit, sitting by designation
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3