50 F.3d 16
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Daniel AMES, Defendant-Appellant.
 No. 94-30114.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Feb. 9, 1995.
Decided March 15, 1995.
 
 Before: WRIGHT, HALL, and WIGGINS, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 FACTS
 
 2
 State narcotics agents received a tip that Daniel Ames wanted to find a local source of cocaine in the Idaho Falls, Idaho area. They set up a sting operation in which INS Agent Al Martinez posed as a drug dealer, and agreed to sell Ames an ounce of cocaine. Martinez and Ames met in a parking lot, where they got into Martinez's car and completed the drug sale. The transaction was captured on videotape and audiotape, and Ames was arrested as soon as he got out of the car. The arresting officers retrieved a loaded 9 mm. handgun from between the front seats of Ames' car. Paraphernalia associated with drug trafficking was also found in his car.
 
 
 3
 Ames was indicted on two counts: possession with intent to distribute cocaine in violation of 21 U.S.C. Sec. 841(a)(1); and using or carrying a firearm in relation to a drug trafficking crime in violation of 18 U.S.C. Sec. 924(c)(1). Prior to trial he entered a guilty plea to Count I. He proceeded to a jury trial on Count II (the firearm charge), and was found guilty. He appeals that conviction. We have jurisdiction pursuant to 28 U.S.C. Sec. 1291, and we affirm.
 
 DISCUSSION
 I. Informing the Jury of the Guilty Plea
 
 4
 Appellant argues that the district court erred by granting the Government's motion to preclude any reference to Appellant's guilty plea to Count I, the underlying drug offense. The district court held that the guilty plea was irrelevant to the jury's decision on Count II. We review the district court's decision for an abuse of discretion. United States v. Perkins, 937 F.2d 1397, 1400 (9th Cir.1991).
 
 
 5
 We conclude that the district court did not abuse its discretion. Appellant's guilty plea on count I does not make his guilt on Count II "more probable or less probable than it would be without the evidence." See Fed.R.Evid. 401. Appellant argues that informing the jury of his guilty plea would have enhanced his credibility, but his plea is not probative of his likelihood to tell the truth. Contrary to his assertion that the plea demonstrates that he is the type who accepts responsibility when he is guilty, the plea could mean many things totally unrelated to his truthfulness. It could mean that he realized the government had a really strong case against him, for example, and that it would have been futile to contest it. Or it could mean that the government agreed to recommend a smaller sentence on that count.
 
 
 6
 We also reject Appellant's second rationale for allowing the guilty plea into evidence. Appellant states that without evidence of his guilty plea the jury wrongly believed that if it found him not guilty on the firearm charge, it would have been letting an admitted drug pusher go free. Appellant is merely conjecturing as to what the jury was thinking, however. Further, admission of the evidence would just as likely have introduced an improper jury prejudice as eliminated one. That is, it may have eliminated an improper fear of allowing a drug dealer to go free, but it might just as likely have introduced a feeling that because the defendant was already going to serve time for Count I, the jury needed not find him guilty on Count II, as well.
 
 
 7
 II. Evidence of Appellant's Prior Drug Transactions
 
 
 8
 Appellant also argues that the district court erred in allowing the Government to cross examine him concerning prior drug transactions. He argues that this evidence is irrelevant, prejudicial, and precluded by Federal Rule of Evidence 404(b). We review the district court's decision for abuse of discretion. United States v. Ono, 918 F.2d 1462, 1464 (9th Cir.1990). It is clear that the district court did not abuse its discretion in this case.
 
 
 9
 The gist of Appellant's argument is that he stipulated to being a drug dealer, and that other evidence tending to prove the same was therefore irrelevant. We reject this argument. This circuit has repeatedly held that the government is not required to accept such stipulations or admissions, and can instead prove the elements of the offense by introducing probative evidence. See, e.g., United States v. Chambers, 918 F.2d 1455, 1462 (9th Cir.1990); United States v. Cutler, 806 F.2d 933, 936 (9th Cir.1986); United States v. Campbell, 774 F.2d 354, 356 (9th Cir.1985); United States v. Gilman, 684 F.2d 616, 622 (9th Cir.1982). One of the essential elements of 18 U.S.C. Sec. 924(c)(1) is that the defendant must be engaged in a drug trafficking crime. Accordingly, the government was properly allowed to introduce evidence as proof that Appellant was a drug dealer.
 
 
 10
 Further, the evidence that Appellant wishes to exclude is not properly characterized as evidence of prior bad acts, excludable under Rule 404(b). It is, instead, evidence of his present and continuing involvement in drug trafficking. Moreover, the evidence clearly is admissible under Rule 404(b) to show intent, preparation, plan and knowledge.
 
 
 11
 Perhaps most importantly, any error in the admission of the evidence was harmless. The facts that Appellant argues were improperly discussed during cross examination were all already before the jury. Appellant discussed the underlying facts with Agent Martinez during the sting operation, and this conversation was captured on audiotape. Those audiotapes were admitted into evidence, and are not being contested. Moreover, even without this evidence the case against Appellant was overwhelming. Appellant was caught red-handed engaging in a drug deal with an undercover officer. The transaction was videotaped and audiotaped. He came to the meeting with a loaded gun hidden next to his seat. Considering all this evidence that was undisputedly properly before the jury, any improper references to his allegedly "past" drug dealing did not, more likely than not, affect the verdict.
 
 III. Jury Instructions
 
 12
 Appellant argues that the district court erred in not giving a jury instruction stating that specific intent was required under Section 924(c). The language of this statute requires that the firearm must be used or carried "in relation to" the drug trafficking crime. Appellant argues that because of this language, when a defendant posits an unrelated reason for having a weapon, the Government must prove specific intent. We review the district court's decision de novo. Caballero v. Concord, 956 F.2d 204, 206 (9th Cir.1992).
 
 
 13
 The jury instructions in this case accurately reflected the requirements of Section 924(c), and do not warrant reversal. In a recent case this Circuit stated that the "in relation to" requirement of Sec. 924(c) was properly explained when the jury instructions stated that the firearm must have been available "to provide protection to the defendant or intimidate others in connection with his or her involvement in drug trafficking." United States v. Lopez, 37 F.3d 565, 569 (9th Cir.1994) (emphasis added by appellate court.) The instructions in the present case placed an even higher burden on the government than "in connection with." The district court here repeatedly instructed the jury that the government must prove that the firearm "in some way facilitated (aided or assisted) the Defendant in the commission of the first element listed above." (Emphasis added).
 
 IV. Sufficiency of the Evidence
 
 14
 Lastly, Appellant argues that the evidence was insufficient to support the jury's verdict. He argues that at no time did he threaten Officer Martinez or brandish the weapon, and that there is no evidence that it emboldened him to commit the crime. Further, he argues that he had a perfectly legitimate reason for carrying the gun--a jealous husband had threatened him. We must uphold a conviction if any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. United States v. Torres-Medina, 935 F.2d 1047, 1048 (9th Cir.1991). We hold that a rational trier of fact could have found that the essential elements of Section 924(c) were proven.
 
 
 15
 As Appellant admits, Section 924(c) does not require that the firearm be fired or brandished. It is enough that the gun embolden the defendant to commit the drug offense. See, e.g., United States v. Garcia, 997 F.2d 1273, 1284 (9th Cir.1993) (finding that possession of a loaded gun in a bedroom, near a closet with drugs, was enough to support the verdict); Torres-Medina, 935 F.2d at 1050 (finding the evidence sufficient even though the wheelchair-bound defendant could not personally have gained access to the firearm hidden in a crawlspace, because a rational trier of fact could have found that the defendant's confederates assisted him in retrieving the gun when necessary); United States v. Winslow, 962 F.2d 845, 852-53 (9th Cir.1992) (holding that two guns retrieved from the van defendants had driven while planning a bombing was sufficient evidence, because they were "easily accessible" to defendants). In light of these Ninth Circuit precedents, it is clear that the facts of this case suffice to support the verdict. A rational jury could indeed conclude that the gun was related to the drug offense, or that it emboldened Appellant to undertake the drug transaction.
 
 
 16
 Appellant also seems to argue that the fact that he posited an alternative explanation for the presence of the firearm requires us to overturn the jury's verdict. This is unconvincing. The jury is the trier of fact, and he was allowed to present his alternative explanation to them. Obviously they did not believe him.
 
 CONCLUSION
 
 17
 For the foregoing reasons, we AFFIRM the judgment of the district court.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3