**UNITED STATES of America, Plaintiff,**

v.

**WAG–AERO, INC., a Wisconsin Corporation, Richard H. Wagner, Roberta L. Wagner and Robert Basterash, Defendants.**

No. 95–CR–54.

United States District Court,
E.D. Wisconsin.

May 26, 1995.

Thomas P. Schneider, U.S. Atty. by Melvin K. Washington, Asst. U.S. Atty., Milwaukee, WI, for plaintiff.

Michael, Best & Friedrich by David J. Cannon, Milwaukee, WI, for Wag–Aero, Richard Wagner and Roberta Wagner.

Mitchell, Baxter, Mathie & O'Meara by Terry E. Mitchell, Milwaukee, WI, for Robert Basterash.

---

## DECISION and ORDER

MYRON L. GORDON, District Judge.

On March 28, 1995, a federal grand jury returned an eleven-count indictment charging defendants Wag–Aero, Inc., Richard H. Wagner, Roberta L. Wagner and Robert Basterash, with conspiring to deprive and depriving the United States of customs duties in connection with the importation of aircraft transceivers into the United States. Mr. Basterash was also charged with making false statements in response to a written inquiry by an officer of the Federal Aviation Administration. This case is currently scheduled for jury trial on June 26, 1995. Presently before the court are the government's motions, pursuant to Rule 15, Federal Rules of Criminal Procedure, to take foreign depositions in Japan and China, and the government's motion for a ninety-day continuance of the trial.

The government moves the court for a continuance pursuant to 18 U.S.C. § 3161(h)(3)(B) and (8)(A) and (B). In support of its motion for a continuance, the government has submitted the affidavit of assistant United States attorney Melvin Washington. The government's request for a continuance of the trial is based upon its motions, pursuant to Rule 15, Federal Rules of Criminal Procedure, to conduct foreign depositions of four individuals in Japan and four individuals in China. Rule 15 provides, in relevant part,

> (a) **When Taken.** Whenever due to exceptional circumstances of the case it is in the interest of justice that the testimony of a prospective witness of a party be taken and preserved for use at trial, the court may upon motion of such party and notice to the parties order that testimony of such witness be taken by deposition....

Rule 15(e) provides that a deposition may be used as substantive evidence at trial, insofar as it is admissible under the rules of evidence, if the witness is unavailable for trial as unavailability is defined in Rule 804(a), Federal Rules of Evidence.

■ Ordinarily, "exceptional circumstances" exist for purposes of Rule 15 when the prospective witness is unavailable for trial, and the absence of his or her testimony would result in injustice due to the materiality of that testimony to the case. *United States v. Drogoul*, 1 F.3d 1546, 1552 (11th Cir.1993). The decision of whether to grant a Rule 15 motion is within the court's discretion; the court must determine whether the particular characteristics of a case constitute "exceptional circumstances." *United States v. Dillman*, 15 F.3d 384, 389 (5th Cir.), *cert. denied*, —— U.S. ——, 115 S.Ct. 183, 130 L.Ed.2d 118 (1994). In my opinion, the government has not met its burden under Rule 15 in the case at bar.

■ The government has not shown that the individuals that it seeks to depose will be unavailable for trial. A witness is considered unavailable for purposes of Rule 15(a) when there is a substantial likelihood that the proposed deponent will not testify at trial. *Drogoul*, 1 F.3d at 1553. The government's only support for its assertion of unavailability is

its claim that the prospective deponents are not subject to the subpoena power of this court. The government has not provided any evidence that the individuals would not voluntarily appear for trial.

Mr. Washington avers that the government has been attempting to secure information from individuals in Japan and China since December 1992. In its letter reply in support of its motions, the government states that essentially all of its witnesses from China have indicated that the second half of July 1995 is the earliest they could be in Milwaukee for trial. The government also maintains that one of its witnesses from Japan has indicated to persons at the United States customs attache office in Japan his unwillingness to come to the United States to testify at trial. However, the government does not describe its efforts to obtain information from these individuals, nor does it recount its efforts to obtain the prospective deponents' presence at trial.

The plaintiff has not shown that the testimony if its foreign witnesses is material, essential or relevant. Its general assertions that the individuals will testify as to their business dealings with the defendants, the standards by which the aircraft equipment were manufactured, and whether the imported transceivers were approved by the aviation authorities of Japan or China are not sufficient to establish the materiality of the witnesses' testimony. The defendants are charged with evading the payment of customs duties on imported aircraft equipment. The government apparently did not find the testimony of the prospective deponents necessary in its efforts to obtain the indictment of the defendants; it has not persuasively demonstrated that their testimony is material to their case against the defendants.

■ Furthermore, the purpose of depositions in a criminal case is to preserve evidence, not to afford discovery. *Drogoul,* 1 F.3d at 1551; *United States v. Cutler,* 806 F.2d 933, 936 (9th Cir.1986). The government's generalized assertions as to the expected testimony of its foreign witnesses shows that its request for permission to take foreign depositions is made primarily for the purpose of discovery, and not to preserve their testimony for trial.

### ORDER

Therefore, IT IS ORDERED that the government's motion, pursuant to Rule 15(a), Federal Rules of Criminal Procedure, to take foreign depositions of individuals in the Peoples Republic of China be and hereby is denied.

IT IS ALSO ORDERED that the government's motion, pursuant to Rule 15(a), Federal Rules of Criminal Procedure, to take foreign depositions of individuals in Japan be and hereby is denied.

IT IS FURTHER ORDERED that the government's motion for a continuance of the trial date be and hereby is denied.