131 F.3d 145
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
William K.C. CHING, Jr., Leslie William Michael, Frederick
C. Debusca, Patrick Allen Layosa, Plaintiffs-Appellants,
v.
COUNTY OF KAUAI, Kauai County Police Department, and Calvin
Fujita, Defendants-Appellees.
 No. 96-16853.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Nov. 5, 1997.
Decided Nov. 21, 1997.
 
 Appeal from the United States District Court for the District of Hawaii, No. CV-94-00253 BMK, CV-94-00254 BMK, CV-94-00252 BMK, CV-94-00255 BMK; Barry M. Kurren, Magistrate Judge, Presiding.
 Before: REINHARDT, LEAVY, and THOMAS, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 William K.C. Ching, Jr., Leslie William Michael, Frederick C. DeBusca, and Patrick Allan Layosa (collectively, the "Officers") brought an action against the County of Kauai, the Kauai County Police Department, and Police Chief Calvin Fujita (collectively, the "Department") asserting race and national origin discrimination under Title VII and Hawaii state law. The Officers alleged that the Department failed to promote them because it favored officers of Japanese ancestry and officers who married Japanese spouses. They also claimed that the Department retaliated against them because they had previously testified against it with respect to discrimination claims. The Officers now challenge the jury verdict for the Department on the grounds that the trial court 1) did not allow voir dire questions relating to the prospective jurors' ethnic backgrounds; 2) allowed into evidence annual performance evaluations that were not considered by those making the employment decisions; and 3) refused to allow cross-examination and rebuttal testimony with respect to a previous discrimination claim against the Department. We affirm.
 
 A. Voir Dire
 
 3
 The Officers contend that the trial court improperly restricted voir dire on the issue of the potential jurors' racial and national origin background. This issue, however, was not preserved. Counsel must advise the district court if he believes that it failed to ask essential questions, United States v. Cutler, 806 F.2d 933 (9th Cir.1986), and must object in a manner sufficient to fully apprise the court and opposing party of the grounds. See United States v. Gomez-Norena, 908 F.2d 497, 500 (9th Cir.1990). When asked if he wished to supplement the court's voir dire, the Officers' counsel stated, "I have nothing. We're satisfied with the Court's voir dire." Thus, the Officers expressly accepted the court's voir dire and have no ground for complaint here. In any event, the Officers appear to have dropped the voir dire claim in their reply brief.
 
 B. Annual Performance Evaluations
 
 4
 The Officers contend that the district court improperly admitted annual performance evaluations of the Officers because the evaluations were not considered in the promotion process. At trial the Officers introduced their own annual performance evaluations into evidence. The Department then introduced the promoted officers' evaluations in order to show the strength of the promoted officers' past performances. At the end of the defense's case, the Officers moved to strike all evidence and testimony relating to the annual performance evaluations because the testimony revealed that the Department did not review these evaluations during the promotion process. The trial judge denied the motion.
 
 
 5
 The annual evaluations, although not used in the promotion process, have at least some relevance to past performance, which was clearly considered in that process. The evaluations support the department's position that its reliance on the job performance of those obtaining promotions was not pretextual. Thus, the admission of the annual performance evaluations into evidence was not an abuse of discretion.
 
 
 6
 For the same reason, the trial court did not err in refusing to give a proffered instruction with respect to the annual performance evaluations. The Officers' proposed instruction, that the evaluations were not to be considered on the discrimination claims, was incorrect because the evaluations were relevant to the issue of pretext.
 
 
 7
 C. Admission of Previous Discrimination Claim
 
 
 8
 The Officers contend that the trial court erred by refusing to allow the Officers to present evidence of a prior discrimination claim against the Department. We review for abuse of discretion a trial court's determination of the order of proof, decision to limit the scope of cross-examination, and refusal to permit rebuttal testimony or to reopen.
 
 
 9
 Charles Seyer brought a failure-to-promote discrimination charge against the Department in 1986. Ultimately, the dispute was resolved in Seyer's favor. The Officers were aware of the Seyer claim and discussed its introduction with the court at length but ultimately called neither Seyer nor Chief Fujita as a witness during the presentation of their case. Instead, the Officers attempted to introduce evidence of the claim during cross-examination of Fujita. The trial court refused under Fed.R.Evid. 611 to permit the Officers to cross-examine Fujita on the Seyer complaint. The trial court also did not permit Seyer to testify as a rebuttal witness. The Officers never moved to reopen their case-in-chief.
 
 
 10
 The district court's refusal to allow the issue of the Seyer claim to be explored on cross-examination or to allow Seyer to testify as a rebuttal witness was not reversible error, even though a different ruling might well have been preferable. The trial lasted approximately 15 days and involved a great deal of testimony regarding discrimination including testimony as to a number of successful claims. The Seyer testimony, while it alone dealt with promotion, would have been of limited additional probative value. The Officers presented evidence of a race discrimination claim brought against Fujita by a black officer, which resulted in the officer's reinstatement and a settlement of $125,000. The Officers also presented evidence of a claim brought by an officer alleging that the Department fired him due to his Hawaiian/Portuguese ancestry. In light of all of the evidence presented at trial, the refusal to allow testimony on the Seyer claim during cross examination or rebuttal was not prejudicial and thus not grounds for reversal.
 
 
 11
 Although the Officers never moved to reopen their case, they contend that the trial judge essentially denied such a motion. When deciding whether to allow a party to reopen a case, the lower court should consider: (1) the value of the evidence; (2) the reason the evidence was not introduced earlier; and (3) the prejudice to the non-moving party. Garcia v. Woman's Hosp. of Texas, 97 F.3d 810, 814 (5th Cir.1996). Given the limited value of the additional evidence and given that there was no reason it was not introduced during the Officers' case-in-chief, a refusal to reopen the case would not have been an abuse of discretion.
 
 
 12
 AFFIRMED.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3