**UNITED STATES of America,**
**Plaintiff—Appellee,**

v.

**Stanley Roy PEDERSEN, Defendant—**
**Appellant.**

No. 01–30159.
D.C. No. CR–00–00155–HRH.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Feb. 5, 2002.

Decided April 30, 2002.

---

Before POLITZ,* CANBY and KLEINFELD, Circuit Judges.

### MEMORANDUM **

Appellant Stanley Roy Pedersen appeals his convictions of one count of unlawful possession of a firearm by a convicted felon, 18 U.S.C. § 922(g)(1), one count of unlawful possession of a firearm by a person previously convicted of a misdemeanor crime of domestic violence, 18 U.S.C. § 922(g)(9), and one count of unlawfully taking an endangered species, 16 U.S.C. §§ 1538(a)(1)(B) and 1540(b)(1). Pedersen contends that: (1) there was insufficient evidence to support his convictions; (2) the district court erred in denying his motion to dismiss the indictment because of racial bias, and in denying a continuance further to investigate the alleged grand jury bias; (3) the district court abused its discretion in denying Pedersen's request for attor-

ney-conducted voir dire of the trial jury; and (4) that the district court abused its discretion in denying Pedersen's motion to strike the jury panel after the court read the indictment (which mentioned Pederson's prior convictions) to the jury panel. We affirm the judgment of the district court.

*Sufficiency of Evidence*

■ There was sufficient evidence to permit a jury to find, beyond a reasonable doubt, that Pedersen used a 12–gauge shotgun, in violation of 18 U.S.C. §§ 922(g)(1) & (9), to take steller sea lions, in violation of 16 U.S.C. § 1538(a)(1)(B).[1] Several witnesses from two different crews that served under Pederson testified that Pederson fired a shotgun at steller sea lions on numerous occasions, hitting several and killing at least one, and one witness who had fired the weapon himself clearly identified it as a 12–gauge shotgun. The jury was entitled to accept this testimony even if other witnesses described the gun differently.

■ There was also sufficient evidence for the jury to find beyond a reasonable doubt that the shotgun had been imported into Alaska, meeting the interstate commerce requirement of 18 U.S.C. § 922(g)(1) & (9).[2] Expert testimony established that there were no shotgun factories in Alaska, and that the few per-

---

* The Honorable Henry A. Politz, Senior United States Circuit Judge for the Fifth Circuit, sitting by designation.

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.

1. We view the evidence in the light most favorable to the prosecution to determine whether a rational trier of fact could have found the essential elements of the crimes charged beyond a reasonable doubt. *United States v. Magallon–Jimenez,* 219 F.3d 1109, 1112 (9th Cir.2000), *citing Jackson v. Virginia,*

443 U.S. 307, 319, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979).

2. To convict on the firearm counts, the jury had to find beyond a reasonable doubt that Pederson (1) knowingly possessed a firearm, (2) that had been shipped from one state to another, and (3) that at the time of possession, he had been convicted of the requisite offenses. *See United States v. Matthews,* 240 F.3d 806, 814–815 (9th Cir.2000) (amended opinion), adopted en banc, 278 F.3d 880, 884 (9th Cir.2002). The parties stipulated to the prior convictions, so only the first two elements are in issue.

sons licensed to manufacture guns in Alaska were gunsmiths who modified guns; the exception was one who planned to manufacture but had not yet made any shotguns. On this basis the government expert opined that the gun had been manufactured outside of Alaska, and this evidence was sufficient to establish that the gun had been transported into Alaska. *See United States v. Overstreet*, 40 F.3d 1090, 1095 (10th Cir.1994). Even Pederson's expert conceded that it was unlikely that the gun's receiver, which itself meets the definition of "firearm," *see* 18 U.S.C. § 921(a)(2), was manufactured in Alaska.

■ Guns manufactured in 1898 or earlier are excluded as "antique firearms" from the criminal firearms provisions that Pederson was convicted of violating. *See* 18 U.S.C. § 921(a)(3) & (16). Pederson argues that there was insufficient evidence for the jury to find beyond a reasonable doubt that his shotgun was made after 1898. The government expert testified, however, that the gun described by the prosecution witnesses was a hammerless slide-action shotgun, and that only one manufacturer, Spencer, made a hammerless slide-action gun before 1899. The Spencer had a very noticeable cocking lever that was absent from the witnesses' description of Pederson's shotgun. The government expert had never seen a Spencer at any Alaska gun shows, and testified that, depending on its condition, such a gun could be quite valuable. When this evidence is viewed in the light most favorable to the prosecution, it is sufficient to allow a rational trier of fact to find beyond a reasonable doubt that Pedersen used a gun that was manufactured after 1898.

### Effect of Grand Juror's Comment

■ The "Native boys" comment by one of the grand jurors was inappropriate, but in context it would not have had any effect on the grand jury. The grand juror's question was addressed to the point that, with a proper permit, Alaska Natives can harvest steller sea lions for subsistence purposes. Pederson has not produced the "[s]ubstantial proof of grand jury bias" that "is required to overturn an indictment." *United States v. Miller*, 105 F.3d 552, 555 (9th Cir.1997). Nor did the district court abuse its discretion in denying a continuance because of the comment; Pederson has not shown any prejudice flowing from the denial. *See United States v. Nguyen*, 88 F.3d 812, 819 (9th Cir.1996). Finally, the comment clearly had no effect on the trial, because it was never made known to the trial jury.

### Voir Dire

We find no abuse of discretion in the trial court's management of the jury voir dire. Indeed, the court permitted counsel to submit "follow-up" questions, and asked some of those submitted by defense counsel. *See United States v. Cutler*, 806 F.2d 933, 937 (9th Cir.1986).

### Disclosure of Prior Convictions

Although the parties stipulated to the Pederson's prior convictions and agreed that they would not disclose the nature of the offenses to the jury, they did not forewarn the trial court not to read the indictment to the jury. The indictment was read and identified the prior offenses.

■ The district court did not abuse its discretion in denying Pederson's subsequent motion to strike the jury panel. The jury necessarily was required to know that Pederson had been convicted of a felony and a domestic violence misdemeanor; the denomination of the crimes as assault in the second degree and misdemeanor domestic violence assault was not

significantly prejudicial. The district court offered to give a curative instruction, but defense counsel agreed with the court that it was better not to emphasize a matter that the jury might no longer have in mind. There was no error.

*Conclusion*

The judgment of the district court is AFFIRMED.