**UNITED STATES of America,
Plaintiff—Appellant,**

v.

**Lenny KONG, dba Gongs Market
& Hardware, Defendant—
Appellee.**

No. 02–10167.
D.C. No. CR–00–00956–RCC.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Jan. 15, 2003.

Decided Jan. 23, 2003.

Before SCHROEDER, Chief Judge,
NOONAN and CLIFTON, Circuit Judges.

MEMORANDUM *

The issue in this case is whether a district court may impose sanctions on the government when an informant refuses to be interviewed by the defense. As the parties are familiar with the facts, we recite them only as necessary.

The district court precluded two informants from testifying at trial and dismissed counts 7 and 8 of the second superseding indictment because the informants refused to be interviewed by the defense. The government timely appealed. We review the legal basis for the district court's sanctions *de novo. United States v. Jennings,* 960 F.2d 1488, 1490 (9th Cir.1992). We review for clear error a district court's finding as to whether the government has made reasonable efforts to produce an informant. *United States v. Hart,* 546 F.2d 798, 801–03 (9th Cir.1976)(*en banc*), *cert. denied,* 429 U.S. 1120, 97 S.Ct. 1155, 51 L.Ed.2d 571 (1977). We reverse and remand.

The defense is not entitled to have an informant produced before trial. *United States v. Bonilla,* 615 F.2d 1262, 1264 (9th Cir.1980). Although "both sides have the right to interview witnesses before trial," *United States v. Black,* 767 F.2d 1334, 1337 (9th Cir.1985), "[t]he defendant's right of access is not violated when a witness chooses voluntarily not to be interviewed," *id.* at 1338. The government need only "use reasonable efforts to produce a government informant whose presence has been properly requested by the defendant." *Hart,* 546 F.2d at 799.

---

The record here indicates that the government's efforts to produce the informants were reasonable. The government contacted the informants and told them of the court order. The court found that the government communicated with the informants properly. The informants still refused to testify. Because that was all the government was obligated under the law to do, the district court had no valid legal basis for sanctioning it.

REVERSED AND REMANDED.

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.