UNITED STATES of America, Plaintiff—Appellee,

v.

Stanley R. PEDERSEN, Defendant—Appellant.

No. 04–35880.

United States Court of Appeals, Ninth Circuit.

Submitted July 12, 2005.*

Decided July 15, 2005.

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

**824**

---

Joseph W. Bottini, AUSA, Richard L. Pomeroy, Esq., USAK—Office of the U.S. Attorney, Anchorage, AK, for Plaintiff–Appellee.

Allison E. Mendel, Esq., Mendel & Associates, Anchorage, AK, for Defendant–Appellant.

Before: GOODWIN, BRUNETTI, and W. FLETCHER, Circuit Judges.

## MEMORANDUM **

The district court has denied Stanley Pedersen's motion to vacate his federal criminal conviction for firearm violations and engaging in the unlawful taking of an endangered species.[1] Pedersen now appeals, arguing that his conviction must be set aside under 28 U.S.C. § 2255 because he received ineffective assistance of counsel. Specifically, Pedersen argues that his two lawyers, Robin Koutchak and Richard Kibby, were deficient in their counsel re-

garding whether Pedersen should testify in his own defense. We affirm the district court and hold that Pedersen's counsel was not constitutionally defective.

We review de novo whether a defendant received ineffective assistance of counsel. *See Allen v. Woodford,* 366 F.3d 823, 836 (9th Cir.2004). Under *Strickland v. Washington,* 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984), "[t]o establish that his counsel rendered ineffective assistance, the defendant must show that [1] counsel's performance was deficient, and [2] that the deficiency prejudiced the defendant." *United States v. Sanchez–Cervantes,* 282 F.3d 664, 671 (9th Cir.2002). Pedersen's claim does not satisfy these requirements.

Turning first to the requirement that Pedersen's counsel's performance be deficient, we find that it was not. In *Sanchez–Cervantes,* we stated that a defendant's representation was not deficient because the defendant "voluntarily accepted his counsel's advice to testify," had a "valid reason" for arguing that the defendant would be benefitted from testifying, and made the defendant aware of the risks that testifying entailed. 282 F.3d at 671. This case is substantially similar to *Sanchez–Cervantes.* Here, Kibby made clear to Pedersen that it was ultimately his decision to testify and that nobody could deny him the right to testify. Pedersen also benefitted from a disagreement between his attorneys—Kibby argued that he should testify while Koutchak argued that he should not. In their disagreement, both attorneys communicated valid reasons for their respective positions so that Pedersen could make an informed decision. And, finally, as in *Sanchez–Cervantes,* Pedersen was made aware of the risks inherent in his choice.

---

1. We have previously affirmed Pedersen's convictions on direct appeal. 40 Fed. Appx. 381 (9th Cir.2002).

Pedersen nonetheless argues that this case can be distinguished from *Sanchez-Cervantes* because Koutchak, during the discussions about whether Pedersen should testify, communicated that she would "do an affidavit and ... tell the court I absolutely prevented you from testifying" if he was convicted. We conclude, however, that this statement did not so diminish Pedersen's capacity to choose whether or not to testify as to render Pedersen's counsel deficient.

Because we hold that Pedersen's counsel was not constitutionally deficient, we need not reach the second prong of the *Strickland* test.

AFFIRMED.

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.