**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

UNITED STATES OF AMERICA,
                *Plaintiff-Appellant,*

v.

FEI YE, aka Ye Fei; MING ZHONG,
aka Zhong Ming aka Andy Zhong,
                *Defendants-Appellees.*

No. 05-10073

D.C. No.
CR 02-20145 JW

OPINION

Appeal from the United States District Court
for the Northern District of California
James Ware, District Judge, Presiding

Argued and Submitted
January 9, 2006—San Francisco, California

Filed February 2, 2006

Before: John T. Noonan, A. Wallace Tashima, and
William A. Fletcher, Circuit Judges.

Opinion by Judge Tashima

**COUNSEL**

Kyle Waldinger, Assistant United States Attorney, San Francisco, California, for the plaintiff-appellant.

Paul B. Meltzer, Santa Cruz, California, for defendant-appellee Fei Ye.

**OPINION**

TASHIMA, Circuit Judge:

Defendants are charged with possessing stolen trade secrets in violation of the Economic Espionage Act of 1996 ("EEA"), 18 U.S.C. § 1831 *et seq.* The district court granted defendants' motion for pre-trial depositions of several expert witnesses whom the government intends to call at trial. The government brings this interlocutory appeal under 18 U.S.C. § 1835, arguing that the district court erred in granting the

motion because the order authorizes and directs the disclosure of trade secrets, and because it is inconsistent with the Federal Rules of Criminal Procedure and the Jencks Act. In the alternative, the government maintains that the district court's order is clearly erroneous and warrants mandamus relief. While we conclude that we do not have appellate jurisdiction under § 1835, we find this case appropriate for mandamus relief.

## JURISDICTION

We have jurisdiction over an interlocutory appeal under the EEA when the district court issues "a decision or order . . . authorizing or directing the disclosure of any trade secret." 18 U.S.C. § 1835. As discussed below, § 1835 does not provide us with jurisdiction over this appeal because the government had already disclosed all of the relevant trade secret materials prior to the making of the order at issue. We do, however, have jurisdiction over the government's petition for a writ of mandamus under the All Writs Act, 28 U.S.C. § 1651.

## BACKGROUND

Defendants Fei Ye and Ming Zhong were arrested by federal law enforcement agents while attempting to board a flight to China at the San Francisco International Airport. Federal agents simultaneously seized various materials from defendants' personal luggage, homes, and offices, alleged to be trade secrets stolen from four American technology companies. Defendants were subsequently charged with possessing stolen trade secrets with the intent to benefit the People's Republic of China.[1]

---

[1]The ten-count indictment included conspiracy to commit economic espionage, possession of stolen trade secrets, and foreign transportation of stolen property, in violation of 18 U.S.C. §§ 371, 1831(a)(5), and 1832(a)(5); economic espionage, in violation of 18 U.S.C. § 1831(a)(3); possession of stolen trade secrets, in violation of 18 U.S.C. § 1832(a)(3); and foreign transportation of stolen property, in violation of 18 U.S.C. § 2314.

Prior to trial, defendants filed a motion for a bill of particulars, for discovery, and to dismiss the indictment. At the hearing on this motion, the prosecutor explained that "all the trade secret materials" in the case had already been provided to defendants pursuant to a protective order months before the indictment was filed. The prosecutor further noted that these materials "discuss and explain what the trade secrets are" and "why they are trade secrets," and that the materials estimated "the values of many of these trade secrets." The district court denied the motion, reasoning that "the indictment explicitly identifies the trade secrets involved" for each count, and that the government had already disclosed more than 8,800 pages of materials, which "describe the substance of each alleged trade secret."

Defendants then filed a motion to depose government witnesses prior to trial. During the hearing on this motion, counsel for Zhong admitted that he was seeking to use the Federal Rules of Criminal Procedure for discovery purposes:

> And [the prosecutor] accuses us of using Rules 15 and 16 to seek discovery.
>
> I don't know whether [co-defendant's counsel] agrees with this, but I do. That's exactly what we're trying to do. We're trying to find a rule that guarantees us notice in this case and whether it be Rule 15, Rule 16, or the Court's inherent power to make this workable, I think the Court clearly has the ability to fashion a remedy.

Defense counsel also acknowledged that he wanted the depositions so that defendants could obtain information on "what exactly is being alleged to be the trade secret and why it is a trade secret in advance of trial." The government opposed the motion, arguing that the prospective deponents "will be available at trial," and that the Federal Rules of Criminal Proce-

dure do not permit pre-trial depositions for discovery purposes.

The district court granted defendants' motion, reasoning that "the fairness and efficiency of the trial process" amounted to "exceptional circumstances" under Rule 15.[2] The government's motion for reconsideration was denied, and the government now brings this interlocutory appeal/petition for mandamus.

## DISCUSSION

### I.   *Jurisdiction under 18 U.S.C. § 1835*

As a threshold matter, defendants contend that we lack jurisdiction to hear the government's interlocutory appeal under § 1835 because the district court's order does not mandate the disclosure of any trade secret materials that have not already been previously disclosed by the government. We agree.

[1] Section 1835 provides:

> In any prosecution or other proceeding under this chapter, the court shall enter such orders and take such other action as may be necessary and appropriate to preserve the confidentiality of trade secrets, consistent with the requirements of the Federal Rules of Criminal and Civil Procedure, the Federal Rules of Evidence, and all other applicable laws. An interlocutory appeal by the United States shall lie from a

---

[2]Rule 15(a)(1) provides in relevant part:

> A party may move that a prospective witness be deposed in order to preserve testimony for trial. The court may grant the motion because of exceptional circumstances and in the interest of justice.

Fed. R. Crim. P. 15(a)(1).

decision or order of a district court authorizing or directing the disclosure of any trade secret.

18 U.S.C. § 1835. The precise scope of our jurisdiction under § 1835 is an issue of first impression.[3]

"The starting point for our interpretation of a statute is always its language." *Cmty. for Creative Non-Violence v. Reid*, 490 U.S. 730, 739 (1989). "If the plain language of a statute renders its meaning reasonably clear, [we] will not investigate further unless its application leads to unreasonable or impracticable results." *United States v. Stephens*, 424 F.3d 876, 882 (9th Cir. 2005) (internal quotation marks and citation omitted).

**[2]** The plain language of the EEA indicates that the government can file an interlocutory appeal pursuant to § 1835 only where a district court's order actually directs or authorizes the disclosure of a trade secret. *See* 18 U.S.C. § 1835. Black's Law Dictionary defines "disclosure" as "[t]he act or process of making known something that was previously unknown." BLACK'S LAW DICTIONARY 477 (7th ed. 1999); *see also* AMERICAN HERITAGE DICTIONARY OF THE ENGLISH LANGUAGE (4th ed. 2000) (defining disclosure as, "[t]o make known (something heretofore kept secret)"). Here, the district court's order did not provide for the disclosure of any trade secret materials. In its opening brief in this court, the government acknowledges that it had already turned over all relevant trade secret materials and documents:

At the hearing on this motion on October 20, 2003,

---

[3]The Third Circuit is the only court to have exercised jurisdiction over an interlocutory appeal under 18 U.S.C. § 1835. *See United States v. Hsu*, 155 F.3d 189 (3d Cir. 1998). In *Hsu*, however, the parties agreed that the court had jurisdiction because the district court's order authorized the disclosure of trade secrets that had not been previously released. *See id.* at 193-94.

the prosecutor noted that "all the trade secret materials" in the case had been provided to the defendants pursuant to a protective order months before the indictment was filed, that these materials "discuss and explain what the trade secrets are" and "why they are trade secrets," and that the materials even estimated "the values of many of these trade secrets."

Because the purpose of the district court's order was only to clarify exactly which materials the government contends constitute the protected trade secrets, and all relevant materials had already been turned over, the district court's order does not direct or authorize the "disclosure" of trade secrets as required by the plain language of § 1835. *Cf. Hsu*, 155 F.3d at 193-94 (asserting jurisdiction over interlocutory appeal under § 1835 where district court ordered government to turn over trade secret materials that had not been previously "disclosed" to defendants).

Although we need not go beyond the plain language of § 1835, the legislative history of the EEA supports this interpretation. *See* H.R. REP. NO. 104-788, at 13 (1996), *reprinted in* 1996 U.S.C.C.A.N. 4021, 4032. The section-by-section analysis explains that "[t]he intent of [§ 1835] is to preserve the confidential nature of the information and, hence, its value. Without such a provision, owners may be reluctant to cooperate in prosecutions for fear of further exposing their trade secrets to public view, thus further devaluing or even destroying their worth." *Id.* Where the government concedes that it has previously disclosed all of the trade secret materials pursuant to a protective order, and the ordered depositions are subject to the same protective order, the underlying rationale for granting immediate appellate review is absent because there is no risk of "further exposing trade secrets to public view." *Id.*

**[3]** The government also argues that this Court has jurisdiction over the interlocutory appeal because the district court's

order violates § 1835's requirement that such orders be consistent with the Federal Rules of Criminal Procedure and other applicable laws. By its plain language, however, § 1835 grants interlocutory appellate jurisdiction *only* when a district court's order authorizes or directs the disclosure of a trade secret. *See* 18 U.S.C. § 1835. As discussed *supra*, the district court's order does not direct the disclosure of a trade secret. We conclude therefore that we lack jurisdiction over the government's interlocutory appeal under § 1835. Accordingly, the government's appeal must be dismissed.

## II.  *Mandamus relief under 28 U.S.C. § 1651*

The government alternatively petitions for a writ of mandamus pursuant to the All Writs Act, 28 U.S.C. § 1651. *See Miller v. Gammie*, 335 F.3d 889, 895 (9th Cir. 2003) (en banc) (treating notice of appeal as a petition for a writ of mandamus). The Supreme Court has explained that only "exceptional circumstances amounting to a judicial usurpation of power will justify the invocation of this extraordinary remedy." *Will v. United States*, 389 U.S. 90, 95 (1967) (internal quotation marks and citation omitted). "Nevertheless, review of a discovery order through the exceptional remedy of mandamus may be appropriate in the proper circumstances." *Admiral Ins. Co. v. U.S. Dist. Court*, 881 F.2d 1486, 1490 (9th Cir. 1989); *see, e.g.*, *United States v. U.S. Dist. Court (DeLorean)*, 717 F.2d 478, 481 (9th Cir. 1983) (issuing writ where district court ordered pretrial discovery in violation of Federal Rules of Criminal Procedure). The petitioner must show that its right to issuance of the writ is clear and indisputable. *Bauman v. U.S. Dist. Court*, 557 F.2d 650, 656 (9th Cir. 1977) (*citing Kerr v. U.S. Dist. Court*, 426 U.S. 394, 403 (1976)).

**[4]** We apply a five-factor test to determine whether mandamus relief is warranted: (1) whether the petitioner has no other adequate means to attain the relief he or she desires; (2) whether the petitioner will be damaged or prejudiced in a way

that is not correctable on appeal; (3) whether the district court's order is clearly erroneous as a matter of law; (4) whether the district court's order is an oft-repeated error, or manifests a persistent disregard of the federal rules; and (5) whether the district court's order raises new and important problems, or issues of law of first impression. *United States v. Amlani*, 169 F.3d 1189, 1193-94 (9th Cir. 1999) (citing *Bauman*, 557 F.2d at 654-55). A petitioner need not establish all five factors, *see Admiral Ins. Co.*, 881 F.2d at 1491, and we will weigh the factors together based on the facts of the individual case. *SG Cowen Sec. Corp. v. U.S. Dist. Court*, 189 F.3d 909, 913 (9th Cir. 1999) (citation omitted).

1. *Does the government have other adequate means to attain relief?*

Discovery orders are generally interlocutory and non-appealable under 28 U.S.C. § 1291. *Admiral Ins. Co.*, 881 F.2d at 1490. Appellate review under 28 U.S.C. § 1292(b) is also unavailable because the district court did not certify the issue for appellate review.

Defendants maintain, however, that mandamus relief is inappropriate because the government could refuse to comply with the district court's discovery order and appeal the resulting sanction. This argument finds support in the basic principle that "while discovery orders themselves are not generally final for purposes of section 1291, parties who face such an order have the option of making the decision final simply by refusing to comply, and appealing the resulting sanction." *United States v. Fernandez*, 231 F.3d 1240, 1245 (9th Cir. 2000) (internal quotation marks and citations omitted); *United States v. Ryan*, 402 U.S. 530, 533 (1971) ("[O]ne who seeks to resist the production of desired information [must choose] between compliance with a trial court's order to produce prior to any review of that order, and resistance to that order with the concomitant possibility of an adjudication of contempt if his claims are rejected on appeal." (citation omitted)).

We have explicitly rejected this argument, however, where "discovery is directed at third-parties who could not be expected" to incur a contempt citation. *SG Cowen*, 189 F.3d at 913-14 (*citing In re Grand Jury Subpoena 92-1(SJ)*, 31 F.3d 826, 829 (9th Cir. 1994)). While we recognized that a petitioner "could refuse to comply with the discovery orders *directed at it*[,] and then appeal from the contempt order," we reasoned that third-party witnesses were unlikely to do so. *Id.* (emphasis added). Because most of the district court's discovery orders in *SG Cowen* were directed at third-parties, we concluded that the defendant had no alternative remedy for purposes of the first *Bauman* factor. *Id.*; *DeLorean*, 717 F.2d at 481 (granting mandamus relief from a district court's discovery order *without* requiring the government to first violate the order and pursue a direct appeal under § 1291).

**[5]** While defendants cite to *Fernandez* for support, *Fernandez* only provides an example of a situation where the district court sanctioned the government for failing to comply with a discovery order, thereby producing an appealable final order. *Fernandez*, 231 F.3d at 1245. It does not, however, hold that a party must incur a sanction, such as contempt, before it may seek mandamus relief. *See id.* Moreover, *Fernandez* can also be distinguished from the case at bar on the grounds that the government itself was the subject of the discovery order, and therefore, could have refused to comply and thus incurred sanctions. By contrast, the discovery order in this case is directed at third-party witnesses who may choose to comply with the district court's discovery order rather than risk a contempt citation, thereby leaving the government with no alternative grounds for relief. *See SG Cowen*, 189 F.3d at 913-14. Accordingly, the first factor weighs in favor of granting the government's petition.

2. *Will the government be damaged in a way not correctable on appeal?*

**[6]** Defendants argue that the discovery order will not result in damage to the government because it will not cause any

trade secrets to be disclosed. The potential disclosure of trade secrets, however, is not the only damage resulting from the district court's order. We have previously held that "a petitioner is damaged or prejudiced if his claim will be moot on appeal." *SG Cowen*, 189 F.3d at 914. Because "[c]ompliance with a discovery order moots an appeal of that order," the government would therefore suffer damage. *Id.* (*citing Medhekar v. U.S. Dist. Court*, 99 F.3d 325, 326-27 (9th Cir. 1996)).

**[7]** Moreover, any error would also not be correctable on appeal because, "[i]f defendants are acquitted, the government will be barred by the double jeopardy clause from raising the issue by way of appeal." *United States v. U.S. Dist. Court (Kantor)*, 858 F.2d 534, 537 (9th Cir. 1988) (citation omitted). The issue would "be equally unreviewable in case of conviction because the government would not have been prejudiced by the claimed error." *Id.* (citation omitted). Therefore, the second factor also weighs in favor of granting the government's petition.

### 3.  *Was the district court's order clearly erroneous?*

An order is clearly erroneous for purposes of a mandamus petition if "we are left with the definite and firm conviction that a mistake has been committed." *Wash. Pub. Utils. Group v. U.S. Dist. Court*, 843 F.2d 319, 325 (9th Cir. 1987) (internal quotation marks and citation omitted); *In re Cement Antitrust Litig.*, 688 F.2d 1297, 1305-07 (9th Cir. 1982). Rule 15, which governs the taking of depositions in criminal cases, provides in pertinent part that "[a] party may move that a prospective witness be deposed in order to preserve testimony for trial," and that "[t]he court may grant the motion because of exceptional circumstances and in the interests of justice." Fed. R. Crim. P. 15(a)(1). Unlike in civil cases, however, Rule 15 depositions are not allowed merely for discovery purposes. *United States v. Rich*, 580 F.2d 929, 933-34 (9th Cir. 1978).

**[8]** We have previously clarified that Rule 15 "contemplates a party taking the deposition of only his own witness," and "only if the witness may be unable to attend trial." *Id.* at 934; *United States v. Cutler*, 806 F.2d 933, 936 (9th Cir. 1986). Here, the district court's order violates the well-established principles governing Rule 15 depositions because the prospective deponents are adverse witnesses; they are available to testify at trial; and the defendants seek discovery, not preservation of testimony. Although the district court's order acknowledges that Rule 15 does not permit depositions for discovery purposes, the court inexplicably proceeded to authorize pre-trial depositions for that very purpose.

**[9]** The only justification that can be gleaned from the discovery order is that "[t]he witnesses would be less inconvenienced if allowed to state [their] opinions orally as opposed to being required to write them out," and that it would be more efficient "to extract the details of any expert opinion[,] or lack thereof," before trial. The district court also justified its order as ensuring "fairness and efficiency of the trial process." While the district court's belief that it would be more convenient and efficient to allow pretrial depositions may be well-founded, Rule 15 makes no exception for convenience and efficiency. *See Rich*, 580 F.2d at 933-34; *Culter*, 806 F.2d at 935-36.[4] Moreover, the district court cites no case law to support its interpretation of Rule 15, and ignores the extensive body of law that directly contradicts its reasoning. Accordingly, the district court's order was clearly erroneous.

---

[4]Although the district court's order does not purport to rely upon Fed. R. Crim. P. 16 to justify its pre-trial deposition order, defendants have referred to Rule 16 as justifying the deposition. It is clear, however, that Rule 16 also does not authorize such an order. *See, e.g.*, *In re United States*, 878 F.2d 153, 156 (5th Cir. 1989) ("Nor can the deposition be authorized under Rule 16, Fed.R.Crim.P. That rule does not mention depositions, which are plainly to be governed by Rule 15.").

4. *Is the error an oft-repeated error, or does it manifest a persistent disregard of the federal rules?*

**[10]** Because the district court's discovery order is a clear violation of the well-established legal principles underlying Federal Rules of Criminal Procedure, it is likely not an "oft-repeated" error. Moreover, the government has not argued or presented any evidence to the contrary. Therefore, this factor weighs against the government's petition.

5. *Does the district court's order raise a new and important problem, or an issue of first impression?*

**[11]** The district court reasoned that its order was necessary to ensure the "fairness and efficiency of the trial process," and to "establish pretrial procedures for effectively controlling the dissemination of the trade secrets before they are presented in the context of a public jury trial." However, no circuit has recognized any such exception to the Federal Rules of Criminal Procedure. Therefore, the district court's order raises the new and important question of whether the EEA empowers a district court to order depositions for discovery purposes under Rule 15's "exceptional circumstances and in the interest of justice" provision in order to ensure "fairness and efficiency" and "effectively control[ ] the dissemination" of important trade secrets. Accordingly, this factor weighs in favor of granting the government's petition.

**[12]** In sum, four of the five *Bauman* factors weigh in favor of granting the government's petition.

## CONCLUSION

After weighing all five factors, we conclude that they lean strongly in favor of granting mandamus relief. The district court's order was "wholly unauthorized" and "constitutes a clear and very substantial departure from the fundamental principles governing criminal pretrial and trial procedures in

federal court." *In re United States*, 878 F.2d at 159. The government has demonstrated that it has no alternative means of relief and will suffer harm that is not correctable on appeal. *See SG Cowen*, 189 F.3d at 913-14. Finally, the district court's order raises the new and important question of whether the EEA empowers a court to authorize discovery depositions under Rule 15 in order to ensure fairness and efficiency and effectively control the dissemination of important trade secrets.

[13] Accordingly, the government's petition for a writ of mandamus is granted and the district court is directed to rescind its order of November 4, 2004, granting defendant Fei Ye's motion to depose the government's expert witnesses prior to trial.

Appeal **DISMISSED;** petition for a writ of mandamus **GRANTED.**