**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

UNITED STATES OF AMERICA,
                    *Petitioner,*

              v.

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF
CALIFORNIA,
                    *Respondent,*

ALLEN HARROD, aka Isaac;
MICHAEL LABRECQUE, aka Joseph;
and JULIETTE LABRECQUE, aka Mary
          *Defendants-Real Parties In
                        Interest.*

No. 06-72498

D.C. No.
CR- 03-00384-WBS

OPINION

Petition for Writ of Mandamus to the
United States District Court for the
Eastern District of California
William B. Shubb, Senior District Judge

Argued and Submitted
July 26, 2006—San Francisco, California

Filed October 3, 2006

Before: Barry G. Silverman, Johnnie B. Rawlinson,
Circuit Judges, and William O. Bertelsman,[1] District Judge.

Per Curiam Opinion

---

[1]The Honorable William O. Bertelsman, Senior United States District
Judge for the Eastern District of Kentucky, sitting by designation.

17243

**COUNSEL**

McGregor Scott, U.S. Attorney, Thomas Flynn (argued), Laurel D. White and Ellen V. Endrizzi (briefed), Office of the United States Attorney, Sacramento, California, for petitioner United States.

Bruce Locke, Moss & Locke, Sacramento, California, for defendant-real party in interest Allen Harrod.

Daniel Broderick, Acting Federal Defender (argued), Caro Marks (briefed), Office of the Federal Public Defender, Sacramento, California, for defendant-real party in interest Michael Labrecque.

Jan Daniel Karowsky, Sacramento, California, for defendant-real party in interest Juliette Labrecque.

## OPINION

PER CURIAM:

The United States of America petitions this court for a writ of mandamus to require the district court to hold a jury trial in a criminal case in which the defendants are charged with acts involving interstate travel and the sexual abuse of young children, in violation of 18 U.S.C. §§ 2423(a) and (b)[2] and 2251A(a) and (b).[3] The district court granted the defendants'

---

[2]This statute, "Transportation of minors," provides, in relevant part:

(a)  Transportation with intent to engage in criminal sexual activity. — A person who knowingly transports an individual who has not attained the age of 18 years in interstate or foreign commerce, or in any commonwealth, territory or possession of the United States, with intent that the individual engage in prostitution, or in any sexual activity for which any person can be charged with a criminal offense, shall be fined under this title and imprisoned not less than 5 years and not more than 30 years.

(b)  Travel with intent to engage in illicit sexual conduct. — A person who travels in interstate commerce or travels into the United States, or a United States citizen or an alien admitted for permanent residence in the United States who travels in foreign commerce, for the purpose of engaging in any illicit sexual conduct with another person shall be fined under this title or imprisoned not more than 30 years, or both.

18 U.S.C. §§ 2423(a), (b) (West 2000 & Supp. 2006).

[3]This statute, "Selling or buying of children," provides, in relevant part:

(a)  Any parent, legal guardian, or other person having custody or control of a minor who sells or otherwise transfers custody or control of such minor, or offers to sell or otherwise transfer custody of such minor either —

(1) with knowledge that, as a consequence of the sale or transfer, the minor will be portrayed in a visual depiction engaging in, or assisting another person to engage in, sexually explicit conduct . . .

shall be punished by imprisonment for not less than 30 years or for life and by a fine under this title, if any of the circumstances described in subsection (c) of this section exist.

motion for a bench trial despite the government's refusal to consent to the jury waiver pursuant to Fed. R. Crim. P. 23(a). We conclude that the writ of mandamus must issue.

### JURISDICTION

This court has jurisdiction pursuant to the All Writs Act, 28 U.S.C. § 1651. *See United States v. Fei Ye*, 436 F.3d 1117, 1121 (9th Cir. 2006).

### BACKGROUND

On August 19, 2003, the government filed a complaint charging four individuals with multiple counts arising out of the transport in interstate commerce of young children for the purpose of engaging in unlawful sexual acts. The victims were the children of the defendants: Allen Harrod and Irene Hunt of Sacramento, California, and Michael and Juliette Labrecque of Fort Worth, Texas.

---

(b)   Whoever purchases or otherwise obtains custody or control of a minor, or offers to purchase or otherwise obtain custody or control of a minor either —

> (1) with knowledge that, as a consequence of the purchase or obtaining of custody, the minor will be portrayed in a visual depiction engaging in, or assisting another person to engage in, sexually explicit conduct . . .

shall be punished by imprisonment for not less than 30 years or for life and by a fine under this title, if any of the circumstances described in subsection (c) of this section exist.

(c)   The circumstances referred to in subsection (a) and (b) are that —

> (1) in the course of the conduct described in such subsections the minor or the actor traveled in or was transported in interstate or foreign commerce . . .

18 U.S.C. §§ 2251A(a), (b), (c) (West 2000 & Supp. 2006).

The charges allege approximately ten years of ritualistic sexual abuse that included oral copulation, vaginal and anal intercourse, and other acts committed upon the children, and acts that the children were forced to commit. The five children involved — three daughters of the Labrecques and one son and one daughter of Harrod and Hunt — were as young as seven at the time of the abuse. Counsel for the defendants advised that they do not intend to contest that the sexual acts occurred or that the children traveled between two states. Rather, the defense will focus on lack of intent.

The matter was set for trial on April 25, 2006. On April 14, 2006, Harrod filed a "Motion to Waive Jury and to be Tried by Judge," which the government opposed. The gist of this motion was that the defendants' actions were so horrific that, in the face of evidence regarding the molestations, no jury could fairly consider defendants' argument that the government could not prove knowledge and intent at the time the children were transported in interstate commerce.

On April 19, 2006, the court held a hearing on defendants' motion for a non-jury trial and granted the motion over the government's objections. The court stated:

> My objective is to see that I can give both sides as fair a trial as possible. The defendant's [*sic*] attorneys have represented to the court that the only defense to certain counts of the indictment that they believe has any real chance of success is the defense, based on lack of knowledge or intent as to the purpose of transporting the children in interstate commerce or as to the purpose of the transfer of custody of the children.

> For the reasons that have been stated in the moving papers, that is going to be very difficult for the court to control the evidence in such a way that the jury is going to be able to focus upon that defense, to under-

stand it, and to reach a fair verdict based upon its finding, and to whether the Government either has or has not proved those elements of the crimes.

Now, if the defendants didn't want to waive a jury, I would do my best to make sure that they were allowed to present this defense in such a way that they can get as fair of a trial as possible under the circumstances. I don't know whether I could.

There are so many motions in limine here that depend upon weighing all the evidence, and I mean there is — most of the evidence in the case, that can be called 404(B) [*sic*] evidence, evidence of other crimes, evidence outside the time frame of the alleged acts involved, evidence for which the prejudicial effect outweighs the probative value under Rule 403, that I don't have the confidence that I can make the right decision on every one of those objections.

\* \* \*

I know I can give both sides a fair trial, if this is a court trial. I do not know that I can rule correctly on every one of the evidentiary objections that might be deemed to deny defendants a fair trial if we have a jury, and that, Counsel, is the bottom line. . . . So I am going to grant this motion for the reasons stated.

I feel that in the language of Singer here, passion, prejudice, public feeling or some other factor may render impossible or unlikely an impartial jury trial, and that the likelihood that the defendants would not receive a fair trial to a jury outweighs any interest that the Government has under Rule 23 to a trial by jury.

I recognize what the court said in Singer, that the Government doesn't have to have a reason for asking or declining to join in the waiver, but just so that my finding is clear, I have to conclude that this idea that the victims feel more comfortable talking about their molestation in the presence of jurors just seems pretextual. This [is] contrary to your previous position about how all the jurors should be questioned individually because they don't want to talk about being molested in the presence of jurors, so that is it.

The district court then stayed the case so that the government could file a petition for a writ of mandamus.

The government filed its petition on May 12, 2006. This court invited the district court judge to file a response to the petition,[4] which was filed on May 17, 2006. In his written response, the district judge stated:

My decision to grant defendants' motion was not based on the difficulties in ruling on the admissibility of evidence or crafting proper instructions to the jury. It was based on defendants' compelling arguments that the government's insistence on trial by jury would likely result in the denial of a fair trial to the defendants. The Ninth Circuit has implicitly recognized that a showing of "passion, prejudice [or] public feeling" may be sufficient to overcome the government's right to refuse consent to trial by the court. Here, I was satisfied that the heinous and repugnant conduct of the defendants, both charged and uncharged, which will be vividly apparent to the jury from the evidence to be presented, would render it "impossible or unlikely" that ordinary jurors would be able to dispassionately listen to and consider defendants' more technical arguments having

---

[4]*See* Fed. R. App. P. 21(b)(4).

> to do with interstate commerce in defense to some of
> the charges.

(footnotes with citations omitted) (alteration in the original).

Defendants in interest also filed responses to the petition, and the government filed a reply. Oral argument was held on July 26, 2006.

## DISCUSSION

### I.   *Mandamus Relief Under 28 U.S.C. § 1651*

We apply a five-factor test to determine whether the exceptional remedy of mandamus relief is warranted: "(1) whether the petitioner has no other adequate means to attain the relief he or she desires; (2) whether the petitioner will be damaged or prejudiced in a way that is not correctable on appeal; (3) whether the district court's order is clearly erroneous as a matter of law; (4) whether the district court's order is an oft-repeated error, or manifests a persistent disregard of the federal rules; and (5) whether the district court's order raises new and important problems, or issues of law of first impression." *Fei Ye*, 436 F.3d at 1121-22 (citation omitted).

A petitioner need not establish all five of these factors; rather the court will weigh the factors together based on the facts of the individual case. *Id.* at 1122.

### II.   *The History of Rule 23(a) and the Singer Decision*

**[1]** In *Patton v. United States*, 281 U.S. 276, 312 (1930), the Supreme Court held that it was permissible for a criminal defendant to consent to trial by a jury consisting of fewer than twelve people. However, in so doing, the Court emphasized the pivotal role of trial by jury in the criminal context, particularly where the defendant is charged with a serious crime:

> In affirming the power of the defendant in any crimi-
> nal case to waive a trial by a constitutional jury and
> submit to trial by jury of less than twelve persons, or
> by the court, we do not mean to hold that the waiver
> must be put into effect at all events. . . . *Trial by jury
> is the normal and, with occasional exceptions, the
> preferable mode of disposing of issues of fact in
> criminal cases above the grade of petty offenses.* In
> such cases the value and appropriateness of jury trial
> have been established by long experience, and are
> not now to be denied. Not only must the right of the
> accused to a trial by a constitutional jury be jealously
> preserved, *but the maintenance of the jury as a fact-
> finding body in criminal cases is of such importance
> and has such a place in our traditions, that, before
> any waiver can become effective, the consent of gov-
> ernment counsel and the sanction of the court must
> be had,* in addition to the express and intelligent con-
> sent of the defendant. And the duty of the trial court
> in that regard is not to be discharged as a mere mat-
> ter of rote, but with sound and advised discretion,
> *with an eye to avoid unreasonable or undue depar-
> tures from that mode of trial or from any of the
> essential elements thereof, and with a caution
> increasing in degree as the offenses dealt with
> increase in gravity.*

*Id.* at 312-313 (emphasis added).

In 1944, Rule 23 of the Federal Rules of Criminal Proce-
dure was adopted to codify *Patton*.[5]

---

[5]In its current form, Rule 23(a) states:

(a)   Jury Trial. If the defendant is entitled to a jury trial, the trial
must be by jury unless:

    (1)   the defendant waives a jury trial in writing;

    (2)   the government consents; and

    (3)   the court approves.

Twenty years later, the constitutionality of Rule 23 was challenged in *Singer v. United States*, 380 U.S. 24 (1965). The defendant in *Singer* was charged with multiple counts of mail fraud and, on the opening day of trial, offered in writing to waive trial by jury in order to shorten the length of his trial. The trial court was willing to approve the waiver, but the government refused to consent. *Id.* at 25. The defendant was thus tried by jury and convicted, and his conviction was affirmed on appeal.

**[2]** Before the Supreme Court, the defendant argued that, pursuant to the right to jury trial under Article III, section 2, of the Constitution, and the Sixth Amendment, a criminal defendant has a "correlative right to have his case decided by a judge alone if he considers such a trial to be to his advantage." *Id.* at 25-26. After a scholarly review of the history of the right to jury trial in criminal cases, the Court squarely rejected this argument, holding that "there is no federally recognized right to a criminal trial before a judge sitting alone." *Id.* at 34.

**[3]** The Court then considered the argument that requiring the defendant's waiver to be conditioned upon the consent of the government and the trial judge violated the defendant's right to a fair trial or due process. *Id.* at 35. The Court held that it did not:

> We find no constitutional impediment to conditioning a waiver of this right on the consent of the prosecuting attorney and the trial judge when, if either refuses to consent, the result is simply that the defendant is subject to an impartial trial by jury — the very thing that the Constitution guarantees him. The Constitution recognizes an adversary system as the proper method of determining guilt, and the Government, as a litigant, has a legitimate interest in seeing that cases in which it believes a conviction is warranted are tried before the tribunal which the Consti-

tution regards as the most likely to produce a fair result.

*Id.* at 36.

Further, the Court stated that Rule 23(a) does not require that the government state its reason for refusing to consent to a defendant's jury waiver, since the law will presume that such refusal is not for an "ignoble purpose." *Id.* at 37. In conclusion, the Court remarked:

> *We need not determine in this case whether there might be some circumstances where a defendant's reasons for wanting to be tried by a judge alone are so compelling that the Government's insistence on trial by jury would result in the denial to a defendant of an impartial trial.* Petitioner argues that there might arise situations where "passion, prejudice . . . public feeling" or some other factor may render impossible or unlikely an impartial trial by jury. However, since petitioner gave no reason for wanting to forgo jury trial other than to save time, this is not such a case, and petitioner does not claim that it is. *Id.* at 37-38 (emphasis added).

III.    *Case Law After Singer*

[4] The Supreme Court has never determined whether the circumstances alluded to in *Singer* actually existed — i.e., where requiring a defendant to undergo trial by jury would infringe his constitutional right to a fair trial — nor has it ever decided what circumstances would create such an unusual situation. To the contrary, in at least one post-*Singer* opinion, the Court has characterized the requirement of government consent as absolute. *See Gannett Co., Inc. v. DePasquale*, 443 U.S. 368, 383 (1979).

Although lower courts have since assumed that *Singer* allows for an exception to the requirement of governmental

consent to a jury waiver, no United States Court of Appeals appears to have approved a defendant's waiver of a jury over the government's objection. Indeed, the circuits that have considered this issue have uniformly upheld the trial courts' refusals to grant such waivers without governmental consent. *See United States v. Jackson*, 278 F.3d 769, 771 (8th Cir. 2002); *DeLisle v. Rivers*, 161 F.3d 370, 389 (6th Cir. 1998); *United States v. Van Metre*, 150 F.3d 339, 353 (4th Cir. 1998); *United States v. Gabriel*, 125 F.3d 89, 94-95 (2d Cir. 1997), *overruled on other grounds by Arthur Andersen LLP v. United States*, 544 U.S. 696, 705-06 (2005); *United States v. Clark*, 943 F.2d 775, 784 (7th Cir. 1991); *United States v. Sun Myung Moon*, 718 F.2d 1210, 1217-1219 (2d Cir. 1983). *See also United States v. Clapps*, 732 F.2d 1148 (3d Cir. 1984), *overruled on other grounds by McNally v. United States*, 483 U.S. 350, 360-61 (1987).

Moreover, in *United States v. Reyes*, 8 F.3d 1379, 1389 (9th Cir. 1993), a defendant charged with various drug offenses argued that the trial court improperly allowed the government to refuse to consent to defendant's jury waiver without requiring it to explain its refusal on non-discriminatory grounds. This court rejected that argument, and while recognizing the possible exception created by the concluding remarks in *Singer*, the court stated that any "passion, prejudice . . . and public feeling" defendant feared on account of alleged racial discrimination was "specifically addressed and guarded against by the trial judge during the voir dire." *Id.* at 1390 (citation omitted).[6]

---

[6]Two district court cases cited by defendants in which a jury waiver was granted over the government's objection involved, in contrast to this matter, very complex facts and legal and accounting issues involving charges of medicare and tax fraud, and the courts there thus concluded that the matters for resolution were so complex as to be beyond the comprehension of average jurors. *See United States v. Braunstein*, 474 F. Supp. 1, 13-14 (D.N.J. 1979); *United States v. Panteleakis*, 422 F. Supp. 247, 250 (D.R.I. 1976).

IV.   *The District Court's Decision*

Reviewing this authority and the district court record below, we are left with "the definite and firm conviction that a mistake has been committed." *Fei Ye*, 436 F.3d at 1123 (citations omitted).

As noted above, the Supreme Court in *Singer* observed: "We need not determine in this case whether there might be some circumstances where a defendant's reasons for wanting to be tried by a judge alone are so compelling that the Government's insistence on trial by jury would result in the denial to a defendant of an impartial trial." *Singer*, 380 U.S. at 37.

**[5]** Neither need we make such a determination. For, while trying this case is not without its challenges, we are confident that the able and experienced trial judge is fully capable of ensuring these defendants an impartial trial. In so doing, he is afforded an abundance of tools by the Federal Rules of Evidence and Criminal Procedure and by the inherent power of the court.

For example:

1.   The trial court may engage in extensive voir dire, including the use of jury questionnaires and/or individual voir dire. *See Reyes*, 8 F.3d at 1390.[7]

---

Other district court opinions, including more recent ones, have refused to grant a defendant's jury waiver without government consent. *See Miller v. Snyder*, No. CIV-A. 96-187-GMS, 2001 WL 173796, at *5 (D. Del. Feb. 14, 2001); *United States v. Volpe*, 42 F. Supp.2d 204, 228 (E.D.N.Y. 1999); *United States v. Daniels*, 282 F. Supp. 360, 361 (N.D. Ill. 1968).

[7]The Second Circuit, noting the importance of voir dire to this process, has held that the trial court cannot even reasonably ascertain whether a fair jury can be seated in a given case, and thus cannot make an informed ruling on a motion for jury waiver, until voir dire has been conducted. *See Sun Myung Moon*, 718 F.2d at 1218.

It appears from the record that the district court here did not endeavor to impanel a jury. Thus, we have no concrete showing that a fair jury cannot be had, only supposition that it is so.

2.   The trial court may in its discretion limit the amount and nature of "bad acts" evidence. Not all of the proffered evidence need be admitted. The lurid nature of the evidence may be tempered by requiring summarization, the omission of inflammatory details, and the use of other evidentiary filters. Fed. R. Evid. 403, 404. *See United States v. Merino-Balderrama*, 146 F.3d 758, 763 (9th Cir. 1998).

3.   Cumulative evidence may be limited. Fed. R. Evid. 403.

4.   The number of witnesses may be limited. *See United States v. Fernandez*, 497 F.2d 730, 735-36 (9th Cir. 1974).

5.   The court may in its voir dire, and in oral and written instructions before, during, and after trial, emphasize that proof of each and every element of the charged offenses beyond a reasonable doubt is required, including the intent elements, and that it is not a "technical defense" for a defendant to assert that the prosecution has not met this burden. The court may stress as often as required that it would be a violation of the panel's oaths as jurors to convict without proof beyond a reasonable doubt of the intent and interstate commerce elements of the charges.

**[6]** In sum, we conclude that the district court, as a matter of law, was clearly erroneous in ordering a non-jury trial without the consent of the prosecution.

V.   *Other Requirements For The Issuance Of A Writ Of Mandamus Are Satisfied.*

The third of the five mandamus factors is satisfied because, as discussed, the district court's ruling was clearly erroneous as a matter of law. *Fei Ye*, 436 F.3d at 1121-22 (citation omitted).

The first and second factors are also established because the government has no other mechanism by which it can force

the district court to try this case by jury. Moreover, any error following a bench trial would not be correctable on appeal because, if the defendants are acquitted, the government will be barred by the double jeopardy clause from raising the issue on appeal. *Id.* at 1123 (citations omitted).

Finally, with respect to the fourth factor, this issue admittedly is not one that arises often, but it is one on which we have not directly ruled and thus raises an important question of law.

## *CONCLUSION*

[7] Accordingly, the government's petition for a writ of mandamus is granted and the district court is directed to rescind its order of April 19, 2006, granting defendants' motion to waive jury trial.

Petition for a writ of mandamus **GRANTED**.