**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

UNITED STATES OF AMERICA,
          *Plaintiff-Appellee,*

v.

ERNESTO GALLEGOS,
          *Defendant-Appellant.*

Nos. 07-30199 and
07-30212

D.C. Nos.
3:06-CR-02188-
WFN,
3:06-CR-02026-
WFN

OPINION

Appeal from the United States District Court
for the Eastern District of Washington
Wm. Fremming Nielsen, Senior District Judge, Presiding

Argued and Submitted
February 2, 2010—Seattle, Washington

Filed July 30, 2010

Before: William A. Fletcher and Johnnie B. Rawlinson,
Circuit Judges, and Michael W. Mosman,* District Judge.

Opinion by Judge Mosman

---

*The Honorable Michael W. Mosman, District Judge for the District of
Oregon, sitting by designation.

11033

## COUNSEL

Karen S. Lindholdt, P.S., Spokane, Washington, for defendant-appellant Ernesto Gallegos.

James A. McDevitt, United States Attorney, and Jane Kirk (argued), Assistant United States Attorney, Yakima, Washington, for plaintiff-appellee United States of America.

## OPINION

MOSMAN, District Judge:

Defendant–appellant Ernesto Gallegos appeals his two criminal sentences, imposed at the same time for separate offenses. The sentences arose from Mr. Gallegos's entry of two guilty pleas—one for illegal reentry, and the other for escape while awaiting sentencing on the first charge. On appeal, Mr. Gallegos argues that the district court's imposition of a partially concurrent and partially consecutive sentence for the escape charge violates 18 U.S.C. § 3584. He also argues that the district court's refusal to offer a reduction for acceptance of responsibility on the illegal reentry charge in combination with an enhancement for obstruction of justice resulted in impermissible double counting. We have jurisdiction under 28 U.S.C. § 1291 and affirm.

## BACKGROUND

Mr. Gallegos was arrested for violating 8 U.S.C. § 1326, reentering the country illegally, on July 13, 2006. On October 12, 2006, Mr. Gallegos pleaded guilty to the illegal reentry charge in case CR-06-2026.

On or about November 29, 2006, while awaiting sentencing on the illegal reentry charge, Mr. Gallegos escaped from fed-

eral custody. In a December 12, 2006 indictment, the Government charged Mr. Gallegos with escape, in violation of 18 U.S.C. § 751(a). Following his January 8, 2007 arrest, Mr. Gallegos pleaded guilty to the escape charge in case CR-06-2188 on March 21, 2007.

The district court sentenced Mr. Gallegos for both the illegal reentry and escape charges on May 30, 2007. In the illegal reentry case, the court declined to grant a reduction for acceptance of responsibility and also imposed a two-level enhancement for obstruction of justice, resulting in a U.S. Sentencing Guidelines ("U.S.S.G." or "Guidelines") range of 37-46 months. The district court made no adjustments in the escape case, identifying Mr. Gallegos's sentencing range as 33-41 months on that charge. At sentencing, Mr. Gallegos requested completely concurrent sentences, while the Government requested consecutive sentences totaling 79 months.

The district court reviewed and discussed Mr. Gallegos's lengthy criminal history before issuing a sentence, noting the court's obligation "to create a sentence that is sufficient but not excessive." At the time of sentencing, Mr. Gallegos had previously been deported five times, received two assault convictions, and escaped from custody on three occasions. The court explained that "[t]he seriousness of your conduct, as indicated by your criminal history, suggests that you have total disregard for the law, that punishment doesn't deter your conduct."

The district court then imposed a 40-month sentence in the illegal reentry case. The court also imposed a 40-month sentence in the escape case, with 20 months to be served concurrently with, and 20 months to be served consecutive to, the illegal reentry sentence.

## STANDARD OF REVIEW

Mr. Gallegos did not object below to the district court's imposition of the partially concurrent and partially consecu-

tive sentence, nor did he raise the double counting argument. We therefore review the district court's sentences for plain error. *See United States v. Guzman-Mata*, 579 F.3d 1065, 1068 (9th Cir. 2009) (reviewing for plain error because defendant did not object to sentencing enhancement at time of sentencing); *see also United States v. Ameline*, 409 F.3d 1073, 1078 (9th Cir. 2005) (en banc) (explaining that an unpreserved constitutional argument is generally reviewed for plain error). "Plain error is '(1) error, (2) that is plain, and (3) that affects substantial rights.' " *Id.* (quoting *United States v. Cotton*, 535 U.S. 625, 631 (2002)).

## DISCUSSION

### I.   Partially Concurrent and Partially Consecutive Sentences

On appeal, Mr. Gallegos argues that the language of 18 U.S.C. § 3584, specifically the phrase "may run concurrently or consecutively," plainly prohibits the district court's partially concurrent and partially consecutive sentence. Under his reading of the statute, multiple terms of imprisonment imposed at the same time must be wholly concurrent or wholly consecutive.

"The starting point for our interpretation of a statute is always its language." *United States v. Fei Ye*, 436 F.3d 1117, 1120 (9th Cir. 2006) (quoting *Cmty. for Creative Non-Violence v. Reid*, 490 U.S. 730, 739 (1989)). We must first determine whether the phrase "may run concurrently or consecutively" is "plain and unambiguous." *United States v. Youssef*, 547 F.3d 1090, 1093 (9th Cir. 2008) (quoting *Robinson v. Shell Oil Co.*, 519 U.S. 337, 340 (1997)). "The statutory language is interpreted by reference 'to the language itself, the specific context in which that language is used, and the broader context of the statute as a whole.' " *Id.* (quoting *Robinson*, 519 U.S. at 341).

"If the plain language of a statute renders its meaning reasonably clear, [we] will not investigate further unless its application leads to unreasonable or impracticable results." *Fei Ye*, 436 F.3d at 1120 (quoting *United States v. Stephens*, 424 F.3d 876, 882 (9th Cir. 2005)). "When a statute does not define a term, we generally interpret that term by employing the ordinary, contemporary, and common meaning of the words that Congress used." *United States v. Iverson*, 162 F.3d 1015, 1022 (9th Cir. 1998).

If, on the other hand, the language in § 3584 is ambiguous, "we may use canons of construction, legislative history, and the statute's overall purpose to illuminate Congress's intent." *Ileto v. Glock, Inc.*, 565 F.3d 1126, 1133 (9th Cir. 2009) (quoting *Jonah R. v. Carmona*, 446 F.3d 1000, 1005 (9th Cir. 2006)); *Merkel v. Comm'r*, 192 F.3d 844, 848 (9th Cir. 1999).

## A.  *Plain Language*

**[1]** Section 3584 provides:

> (a) Imposition of concurrent or consecutive terms.—If multiple terms of imprisonment are imposed on a defendant at the same time, or if a term of imprisonment is imposed on a defendant who is already subject to an undischarged term of imprisonment, the terms *may run concurrently or consecutively,* except that the terms may not run consecutively for an attempt and for another offense that was the sole objective of the attempt. Multiple terms of imprisonment imposed at the same time run concurrently unless the court orders or the statute mandates that the terms are to run consecutively. Multiple terms of imprisonment imposed at different times run consecutively unless the court orders that the terms are to run concurrently.

> (b) Factors to be considered in imposing concurrent or consecutive terms.—The court, in determining

whether the terms imposed are to be ordered to run concurrently or consecutively, shall consider, as to each offense for which a term of imprisonment is being imposed, the factors set forth in section 3553(a).

18 U.S.C. § 3584 (emphasis added).

**[2]** We first look to the language itself. *See Fei Ye*, 436 F.3d at 1120. The phrase "may run concurrently or consecutively" does not expressly authorize or prohibit the middle ground taken by the district court in this case, nor does § 3584 define the term "or." The ordinary and contemporary meaning of the term is sometimes "either . . . or . . . but not both" and other times "and/or." We have consistently defined "or" as indicating separate alternatives. *See Azure v. Morton*, 514 F.2d 897, 900 (9th Cir. 1975); *see also Bunker Hill Co. Lead and Zinc Smelter v. EPA*, 658 F.2d 1280, 1283 n.1 (9th Cir. 1981). However, this definition does not answer the question whether overlapping sentences are authorized under the statute.

**[3]** Because neither the statute nor our established definition of the word "or" specifically addresses the circumstances presented, we next examine the language in its specific context. *See Youssef*, 547 F.3d at 1093. Section 3584(a) accomplishes two goals. First, it establishes a set of default rules to avoid uncertainty after sentencing, and second, it grants district court judges the discretion to alter those default rules under the proper circumstances. *See* §§ 3584(a)-(b), 3553(a). In context, we read this grant of permissive discretion, "*may* run concurrently *or* consecutively," as allowing the district court to utilize the entire spectrum of possibility when sentencing for two offenses at the same time—wholly concurrent, wholly consecutive, or anything in between, unless otherwise prohibited by the statute. The court is, of course, limited in circumstances where the two offenses are attempt and another offense that was the sole objective of the attempt,

and also by the factors set forth in § 3553(a). *See* § 3584(a)-(b). We therefore conclude that the plain language of § 3584(a) authorized the district court's imposition of Mr. Gallegos's partially concurrent and partially consecutive sentence for the escape charge, and the court did not commit plain error.

**B.    *Legislative History and Sentencing Guidelines***

While we need not rely on legislative history to discern the meaning of the statute, it nevertheless reinforces the conclusion above.

The Senate Committee Report for the Comprehensive Crime Control Act of 1984, which included § 3584, describes the adoption of the default rules and explains their intended use "in the cases in which the court is silent as to whether sentences are consecutive or concurrent, in order to avoid litigation on the subject." S. Rep. No. 98-225, at 127 (1983), *as reprinted in* 1984 U.S.C.C.A.N. 3182, 3310. The Report also explains that the sentencing guidelines often specify some incremental penalty when two sentences are imposed for similar offenses—"for example, if the term of imprisonment recommended in the guidelines for one offense is two years, the guidelines might recommend a sentence of two and a half or three years if the defendant was convicted of three or four such offenses." *Id.*

If, on the other hand, "the defendant was being sentenced at one time for two entirely different offenses committed at different times, the judge might think that adding the guidelines sentences for the offenses together was appropriate, and specify fully consecutive sentences rather than overlapping ones." *Id.* This language evidences Congress's approval of "overlapping" sentences for different offenses committed at different times, while further allowing district courts to impose "fully consecutive sentences" when appropriate.

Similarly, the Report explains, "[t]he Committee believes that [§ 3584(a)] when read with the revised version of 28 U.S.C. [§ ] 994(L) will lead to carefully considered determinations as to the appropriateness of concurrent, consecutive, or overlapping sentences in cases of multiple offenses." *Id.* at 165.

**[4]** The Guidelines also shed light on the phrase at issue. Section 5G1.3 of the Guidelines is titled "Imposition of a Sentence on a Defendant Subject to an Undischarged Term of Imprisonment." *See* U.S.S.G. § 5G1.3 (2007).[1] The Policy Statement in section 5G1.3(c) of the Guidelines states: "In any other case involving an undischarged term of imprisonment, the sentence for the instant offense may be imposed to run concurrently, *partially concurrently*, or consecutively to the prior undischarged term of imprisonment to achieve a reasonable punishment for the instant offense." *Id.* (emphasis added). This language indicates that Congress intended the phrase "may run concurrently or consecutively," as used in § 3584(a), to encompass a partially concurrent or partially consecutive sentence in appropriate cases. The legislative history of § 3584 and Section 5G1.3 of the Guidelines thus further supports the district court's imposition of Mr. Gallegos's partially concurrent and partially consecutive sentence for the escape charge.

## II.   Impermissible Double Counting

Mr. Gallegos also argues that the district court's refusal to offer a reduction for acceptance of responsibility on the illegal reentry charge in combination with an enhancement for

---

[1]The phrase at issue, "may run concurrently or consecutively," applies to multiple terms of imprisonment imposed at the same time (Mr. Gallegos's situation) and also to the imposition of a sentence on a defendant who is subject to a separate, undischarged term of imprisonment. *See* § 3584(a).

obstruction of justice resulted in impermissible double counting.[2]

**[5]** "Impermissible double counting occurs when one part of the Guidelines is applied to increase a defendant's punishment on account of a kind of harm that has already been fully accounted for by application of another part of the Guidelines." *United States v. Stoterau*, 524 F.3d 988, 1001 (9th Cir. 2008) (quoting *United States v. Holt*, 510 F.3d 1007, 1011 (9th Cir. 2007)). But it is not always impermissible to enhance (or fail to reduce) the base offense level multiple times for the same criminal act: "[I]t is sometimes authorized and intended by the Sentencing Guidelines when each invocation of the behavior serves a unique purpose under the Guidelines." *Id.* (quoting *Holt*, 510 F.3d at 1011).

Mr. Gallegos argues, and we recognize, that the district court refused to reduce his sentence for acceptance of responsibility based primarily on his escape from federal custody. The court also enhanced his sentence for obstructing justice based on the same conduct. While this combination represents two applications of the Guidelines arising out of the same conduct, we nevertheless find the combination permissible because "each invocation of the behavior serves a unique purpose." *Id.*

**[6]** On their face, the two adjustments at issue here serve separate and distinct purposes. A reduction for acceptance of responsibility relates to a defendant's remorse, his assistance in the investigation or prosecution of his misconduct, or preserving government resources required to prepare for trial. *See* U.S.S.G. § 3E1.1. On the other hand, an enhancement for obstruction focuses on a defendant's conduct in obstructing or impeding the process by which the government administers justice. *See* U.S.S.G. § 3C1.1.

---

[2]Technically speaking, the phrase "double counting" refers to duplicative *enhancements*. But the same logic applies here to the failure to grant a reduction and a related enhancement.

The Guidelines specifically take into account the distinct nature of these two adjustments and the interplay between them. Section 3E1.1 of the Guidelines, addressing acceptance of responsibility, states "[i]f the defendant clearly demonstrates acceptance of responsibility for his offense, decrease the offense level by 2 levels." Application Note 4, however, instructs that "[c]onduct resulting in an enhancement under § 3C1.1 (Obstructing or Impeding the Administration of Justice) ordinarily indicates that the defendant has not accepted responsibility for his criminal conduct." U.S.S.G. § 3E1.1 cmt. n.4.

## CONCLUSION

**[7]** We hold that the district court did not commit plain error in imposing a partially concurrent and partially consecutive sentence. We also hold there was no plain error in declining to offer a reduction for acceptance of responsibility on the illegal reentry charge while also enhancing Mr. Gallegos's sentence based on his obstruction of justice. We affirm the district court's sentences.

**AFFIRMED.**