**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff-Appellee,<br><br>v.<br><br>JEREMIAH BENJAMIN SCHMIDT,<br><br>Defendant-Appellant. | No.   18-30128<br><br>D.C. No.<br>4:17-cr-00017-BLW-1<br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the District of Idaho
B. Lynn Winmill, District Judge, Presiding

Submitted February 3, 2020[**]
Seattle, Washington

Before:  M. SMITH, N.R. SMITH, and BRESS, Circuit Judges.

Jeremiah Schmidt appeals his 46-month sentence for unlawful possession of a firearm in violation of 18 U.S.C. § 922(g).  Reviewing for plain error, *see United States v. Gallegos*, 613 F.3d 1211, 1213–14 (9th Cir. 2010), we affirm.

1.     District courts "have discretion to select whether the sentences they

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

impose will run concurrently or consecutively with respect to other sentences . . . that have been imposed in other proceedings, including state proceedings." *Setser v. United States*, 566 U.S. 231, 236 (2012). In this case, the district court considered the relevant sentencing factors enumerated in 18 U.S.C. § 3553(a) and Application Note 3 of U.S.S.G. § 5G1.3 (2016) in imposing a federal sentence that would run partially concurrent and partially consecutive to the state sentences Schmidt was already serving.

Schmidt's sole argument on appeal is that the district court did not account for state parole hearings he claims were scheduled in September 2017 (before his sentencing) and February 2018 (after his sentencing). But Schmidt did not bring those hearings to the district court's attention, and he admits "no records have been obtained" confirming that a February 2018 hearing ever occurred. Nor does Schmidt explain how knowledge of either the September 2017 or February 2018 parole hearing would have influenced the district court's decision about whether to impose a concurrent or consecutive sentence. *See Setser*, 566 U.S. at 241 (rejecting the argument that a court cannot "make the concurrent-vs.-consecutive decision when it does not have before it all of the information about the anticipated state sentence"). There was thus no plain error on this record.

2. Although Schmidt did not raise it, the government has *sua sponte* argued that *Rehaif v. United States*, 139 S. Ct. 2191 (2019), does not invalidate

Schmidt's plea agreement. *Rehaif* held that to convict a defendant under 18 U.S.C. §§ 922(g) and 924(a), "the Government . . . must show that the defendant knew he possessed a firearm and also that he knew he had the relevant [felon] status when he possessed it." *Id.* at 2194. In his plea agreement, Schmidt did not expressly admit that he knew he was a felon. *Rehaif* was decided after Schmidt filed his opening brief but applies to cases still on direct appeal. *See Griffith v. Kentucky*, 479 U.S. 314, 328 (1987).

In this Court, Schmidt has not responded to the government's brief or otherwise claimed he is entitled to relief under *Rehaif*. Although Schmidt did not argue below that the government was required to prove Schmidt knew he was a felon, under any standard of review there was overwhelming evidence that Schmidt knew he was a felon when he possessed the firearms at issue in this case. *See United States v. Hessiani*, 786 F. App'x 658, 661 (9th Cir. 2019). Accordingly, Schmidt has no claim to relief under *Rehaif*.

**AFFIRMED.**