NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

APR 29 2024

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

UNITED STATES OF AMERICA,

  Plaintiff - Appellee,

v.

LUKE D. BRUGNARA,

  Defendant - Appellant.

No. 23-1605

D.C. No.
3:14-cr-00306-WHA-1

MEMORANDUM[*]

Appeal from the United States District Court
for the Northern District of California
William Alsup, District Judge, Presiding

Argued and Submitted April 8, 2024
San Francisco, California

Before: PAEZ and SUNG, Circuit Judges, and FITZWATER, District Judge.[**]

Luke Brugnara ("Brugnara") appeals the district court's revocation of his

supervised release and imposition of a custodial sentence. We have jurisdiction

under 28 U.S.C. § 1291. We affirm.

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

[**]     The Honorable Sidney A. Fitzwater, United States District Judge for
the Northern District of Texas, sitting by designation.

Brugnara raises several challenges. He argues that: (1) there was insufficient evidence that he constructively possessed a firearm; (2) he did not receive written notice that the district court would consider his prior abscondment and a comment he made during a recess in court proceedings; and (3) the district court should not have considered his comment because it was protected by the attorney-client privilege and the First Amendment.

In reviewing a challenge to the sufficiency of evidence for a supervised release revocation, we consider "whether viewing the evidence in the light most favorable to the government, any rational trier of fact could have found the essential elements of a violation by a preponderance of the evidence." *United States v. Richards*, 52 F.4th 879, 888 (9th Cir. 2022) (quoting *United States v. King*, 608 F.3d 1122, 1129 (9th Cir. 2010)).

We review de novo and for harmless error whether a defendant has received sufficient due process at a revocation proceeding. *See United States v. Perez*, 526 F.3d 543, 547 (9th Cir. 2008). Brugnara did not object to the district court's consideration of the comment, and thus plain error review applies to that issue. *See United States v. Campbell*, 937 F.3d 1254, 1256 (9th Cir. 2019) (citing *United States v. Gallegos*, 613 F.3d 1211, 1213 (9th Cir. 2010)).

1. "[V]iewing the evidence in the light most favorable to the government," we cannot say that the district court erred in finding, by a preponderance of the

evidence, that Brugnara constructively possessed a firearm. *Richards*, 52 F.4th at 888 (quoting *King*, 608 F.3d at 1129). Although the evidence that Brugnara constructively possessed the firearm was circumstantial, Brugnara's connections to the storage unit, among other record evidence, supported the district court's finding that he had "dominion and control" over the firearm. *United States v. Baldon*, 956 F.3d 1115, 1127 (9th Cir. 2020).

2. The district court did not err by failing to provide Brugnara written notice that it would consider his prior abscondment and the comment he made during a recess in proceedings. Because the district court considered Brugnara's abscondment and comment as sentencing factors—not as supervised release violations—it was not required to give Brugnara written notice. *See* Fed. R. Crim. P. 32.1(b)(2)(A) (requiring "written notice" for an "alleged violation").

Notwithstanding the government's failure to file a formal charge, the district court was permitted to consider the abscondment as part of its sentencing decision. *See* 18 U.S.C. §§ 3583(e), 3553(a)(1) (providing that the court may consider the history and characteristics of the defendant in sentencing). In any event, Brugnara was on notice that the court intended to consider his abscondment. Any error in failing to give Brugnara written notice was thus harmless. *See Perez*, 526 F.3d at 547.

3. The district court did not plainly err in considering the comment as part

of its sentencing decision.  First, although Brugnara made the comment to his attorney during a recess, the comment was likely not a privileged statement because it was not made for the purpose of obtaining legal advice.  *See United States v. Sanmina Corp.*, 968 F.3d 1107, 1116 (9th Cir. 2020).  Brugnara has not shown otherwise.  *See United States v. Martin*, 278 F.3d 988, 1000 (9th Cir. 2002) ("A party claiming the privilege must identify specific communications and the grounds supporting the privilege as to each piece of evidence over which privilege is asserted.").

Second, because it is unclear whether the comment is protected by the First Amendment, we cannot say that the district court plainly erred in considering the comment.  Brugnara points to *Duran v. City of Douglas, Ariz.*, 904 F.2d 1372, 1377 (9th Cir. 1990), in which we held that expletives and an obscene hand gesture directed at law enforcement are protected by the First Amendment.  We have also held, however, that First Amendment rights are circumscribed in courtrooms.  *See Sammartano v. First Jud. Dist. Ct., in & for Cnty. of Carson City*, 303 F.3d 959, 966 (9th Cir. 2002).  Given the absence of precedent on this issue, we cannot say that the district court plainly erred in considering the comment—any potential error is not plain.  *See Campbell*, 937 F.3d at 1257.

4.  Finally, this court already denied Brugnara's request for bail pending appeal.  His renewed request is denied as moot.  Brugnara's request that we direct

the Bureau of Prisons (BOP) to recalculate his First Step Act Credits is also denied. Brugnara must first exhaust the BOP's administrative review process to challenge its calculation of any such credits. *See Tucker v. Carlson*, 925 F.2d 330, 332 (9th Cir. 1991).

**AFFIRMED.**