NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

DEC 22 2023

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 22-50138 |
| Plaintiff-Appellee, | |
| v. | D.C. No. 2:19-cr-00036-JAK-1 |
| MATTHEW GATREL, AKA Fluffy, | MEMORANDUM* |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the Central District of California
John A. Kronstadt, District Judge, Presiding

Argued and Submitted November 16, 2023
Pasadena, California

Before: BYBEE, D.M. FISHER,** and DESAI, Circuit Judges.

Matthew Gatrel appeals his convictions for conspiracy (in violation of 18

U.S.C. § 371) and damaging and attempting to damage protected computers (in

violation of 18 U.S.C. § 1030(a)(5)(A)), as well as his sentence of twenty-four

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The Honorable D. Michael Fisher, United States Circuit Judge for the U.S. Court of Appeals for the Third Circuit, sitting by designation.

months' imprisonment. We have jurisdiction under 28 U.S.C. § 1291 and 18 U.S.C. § 3742(a). We affirm his conviction and sentence.

1. Upon de novo review, sufficient evidence supports Gatrel's conviction. *See United States v. Hursh*, 217 F.3d 761, 767 (9th Cir. 2000). The Government presented overwhelming evidence that Gatrel conspired to and attempted to damage protected computers through two web services he operated: DownThem.org and AmpNode.com. For instance, there was documentary evidence of Gatrel bragging about his services, explaining their power, and providing customer support. Whether either service could have caused damage to protected computers is irrelevant to the sufficiency of evidence, because no actual damage was required to return a verdict of guilty. *United States v. Fleming*, 215 F.3d 930, 936 (9th Cir. 2000) ("Factual impossibility is not a defense to an inchoate offense."). Taken in the light most favorable to the prosecution, a reasonable jury could conclude that Gatrel—at the very least—conspired to and attempted to damage computers. Because the evidence "is adequate to allow '*any* rational trier of fact [to find] the essential elements of the crime beyond a reasonable doubt," we affirm. *United States v. Nevils*, 598 F.3d 1158, 1164 (9th Cir. 2010) (en banc) (alteration in original) (quoting *Jackson v. Virginia*, 443 U.S. 307, 319 (1979)).

2. The District Court did not abuse its discretion in allowing the introduction of certain evidence. *See United States v. Hinkson*, 585 F.3d 1247, 1259 (9th Cir. 2009) (en banc). Testimony that DownThem and AmpNode were very similar to other illegal web services was relevant, probative, and not barred by any evidentiary rule. *Cf. United States v. Espinosa*, 827 F.2d 604, 611–13 (9th Cir. 1987). Email exchanges with customers, which Gatrel argues are hearsay, were admitted only to prove their effect on him, not the truth of the matter asserted. Fed. R. Evid. 801(c). Finally, statements about the use of AmpNode by the operator of an illegal client service were properly admitted because they were "made by [Gatrel's] coconspirator," Bukoski, "during and in furtherance of the conspiracy." Fed. R. Evid. 801(d)(2)(E). We uphold evidentiary rulings unless they are "illogical, implausible, or without support in inferences that may be drawn from the facts in the record." *Hinkson*, 585 F.3d at 1263. The evidentiary rulings here clear this threshold.

3. The same abuse-of-discretion standard applies to the District Court's decision not to issue a specific unanimity instruction with respect to the precise protected computers Gatrel was alleged to have damaged. *See United States v. Kim*, 196 F.3d 1079, 1082 (9th Cir. 1999). The jury unanimously agreed that Gatrel damaged or attempted to damage ten or more computers within a one-year period, in violation of 18 U.S.C. § 1030(c)(4)(A)(i)(VI). "[I]n the ordinary case, a

3

general instruction that the verdict must be unanimous will be sufficient to protect the defendant's rights." *United States v. Anguiano*, 873 F.2d 1314, 1319 (9th Cir. 1989). A specific unanimity instruction is required only where a case is "factually complex," *id.* at 1320, or "it appears that there is a genuine possibility of jury confusion or that a conviction may occur as the result of different jurors concluding that the defendant committed . . . acts consisting of different legal elements," *United States v. Tuan Ngoc Luong*, 965 F.3d 973, 985 (9th Cir. 2020) (alteration in original) (internal quotation marks and citations omitted). In this case, no specific unanimity instruction was necessary. The statutory element in question is straightforward: 18 U.S.C. § 1030(c)(4)(A)(i)(VI) penalizes damaging or attempting to damage "10 or more protected computers during any 1-year period." This element is satisfied if the jury agrees that at least ten computers were damaged but does not require the jury to agree on which ten computers were damaged. It follows that the District Court did not abuse its discretion in declining to issue a specific unanimity instruction.

4. Gatrel believes he should have been tried in the Northern District of Illinois, where he resided. Upon de novo review, venue was proper in the Central District of California. *See United States v. Childs*, 5 F.3d 1328, 1331 (9th Cir. 1993). A federal offense may be "prosecuted in any district in which such offense was begun, continued, or completed." 18 U.S.C. § 3237(a). To analyze the

4

propriety of venue in a given state or district, we consider each count individually. *See United States v. Corona*, 34 F.3d 876, 879 (9th Cir. 1994).

Turning first to the conspiracy charge, it is unnecessary that Gatrel either entered or committed an overt act in furtherance of the conspiracy "within the district, as long as one of his co-conspirators did." *United States v. Meyers*, 847 F.2d 1408, 1411 (9th Cir. 1988). His co-conspirator, Juan Martinez, lived and administered DownThem in the Central District of California, so venue was proper there.

Turning second to the charge of causing and attempting to cause computer impairment, "direct proof of venue is not necessary where circumstantial evidence . . . supports the inference that the crime was committed in the district where venue was laid." *Childs*, 5 F.3d at 1332 (internal quotation marks and citation omitted). Given Martinez's role in administering the site and launching attacks, the jury could have concluded that—wherever Gatrel lived—his attempts to cause impairment to protected computers involved criminal activity committed in the Central District of California.

5. Nor did the District Court clearly err in continuing Gatrel's trial during the COVID-19 pandemic. *See United States v. Henry*, 984 F.3d 1343, 1349–50 (9th Cir. 2021). The Speedy Trial Act requires that a criminal trial begin within seventy days from the day an indictment is filed or the defendant makes his initial

appearance. 18 U.S.C. § 3161(c)(1). But Congress provided for an exception where a district court finds "that the ends of justice served by [the delay] outweigh the best interest of the public and the defendant in a speedy trial." *Id*. § 3161(h)(7)(A). Gatrel now acknowledges that we have held that the COVID-19 pandemic presented the sort of public emergency during which the ends of justice could justify delay. *United States v. Olsen*, 21 F.4th 1036, 1047 (9th Cir. 2022). Because there is no argument or evidence suggesting that this case is materially different from *Olsen*, the District Court did not violate Gatrel's speedy trial rights.

6. The District Court did not abuse its discretion in applying the United States Sentencing Guidelines. *See United States v. Gasca-Ruiz*, 852 F.3d 1167, 1170 (9th Cir. 2017) (en banc). It applied a two-level enhancement for an offense committed through the intentional use of "sophisticated means," U.S.S.G. § 2B1.1(b)(10), and a four-level enhancement that applies to any defendant convicted of damaging protected computers, *id*. at § 2B1.1(b)(19)(A)(ii). Gatrel claims that applying both enhancements is impermissible double-counting, but he is wrong.

A sentencing court should "consider all applicable Guidelines provisions in calculating the guidelines range for an offense." *United States v. Smith*, 719 F.3d 1120, 1123 (9th Cir. 2013) ("In particular, the Sentencing Guidelines contemplate that courts will apply all applicable specific offense characteristics to enhance the

6

base offense level."). The Sentencing Commission expressly indicates when Guidelines provisions are *not* to be applied cumulatively. *Id.* at 1124. It has made no such indication here, and for good reason. The Sentencing Commission enacted the protected-computers enhancement because of a "heightened showing of intent to cause damage," not to deter sophisticated criminal activity. U.S.S.G. amend. 654 (effective Nov. 1, 2003). It follows that the sophisticated-means enhancement does not increase Gatrel's punishment based on "a kind of harm that has already been fully accounted for" in the protected-computers enhancement. *United States v. Gallegos*, 613 F.3d 1211, 1216 (9th Cir. 2010) (quoting *United States v. Stoterau*, 524 F.3d 988, 1001 (9th Cir. 2008)).

7. Finally, as we conclude that no individual error occurred, no cumulative error occurred either. *United States v. Jeremiah*, 493 F.3d 1042, 1047 (9th Cir. 2007).

Gatrel's convictions and sentence are **AFFIRMED.**